BRIDGET WHITE et al.

v.

JEROME K. KILMARTIN et al.

*Opinion filed December 16, 1903.*

INFANTS—*it is reversible error to neglect to appoint guardian ad litem.* It is error to dismiss a bill to contest a will without appointing a guardian *ad litem* for minor defendants who were defaulted and whose interests lay with the complainants, and such error may be taken advantage of on a writ of error sued out by the complainants in which the minors join.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOHN C. KING, and WILLIAM J. KING, for plaintiffs in error.

CHARLES E. HAMILL, for defendants in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This case comes to this court upon a writ of error to review the record made in the superior court of Cook county, where a decree was entered dismissing a bill filed to contest the will of Catherine Healy, deceased. Various errors are assigned of record, but taking the view we do of the case, it is not necessary to discuss but the one in reference to the omission of the court to appoint a guardian *ad litem* for the infant defendants, as, in our judgment, it is fatal to the decree dismissing the bill.

The bill sets up the fact that Catherine Healy, during her lifetime, was married twice; that her first husband, John Prendergast, died in June, 1865; that of said marriage there was born one child only, who died in infancy; that the second husband of Catherine Healy was Bryan Healy; that there was no issue of said second marriage, and that the husband and father of said Catherine Healy are long since dead; that said Catherine Healy, deceased,

left her surviving several heirs, among whom are John Kilmartin, Mary Kilmartin and Jerome Kilmartin, who are all minors, and who are the children and only heirs-at-law of Marie Kilmartin, deceased, who was the only child and heir-at-law of John Ryan, deceased, the oldest brother of said Catherine Healy. The bill alleges that the above named defendants are minors and heirs-at-law of Catherine Healy. The allegation in regard to minority is supported by the testimony. At a term of the court previous to the trial of the cause the three Kilmartin heirs were defaulted, with other defendants not answering.

The will in question bequeathed the property disposed of as follows:

"*Second*—I give and bequeath to my sister, Bridget White, the sum of $200 in cash.

"*Third*—I give and bequeath all the balance of my property, real, personal or mixed, of whatever kind and wheresoever situated, to my step-daughter, Kate Flanagan, Delia Reefe, my grand-niece, Ellen Cahill, wife of Michael Cahill, and Peter Glynn, equally, it being my intention that each of said parties shall have an equal quarter of my estate; the interest, however, devised and bequeathed to Kate Flanagan, my step-daughter, is to be a life interest; that on her death said quarter interest shall go to her two children, Marie Flanagan and Joseph Flanagan, equally."

Ellen Cahill was the only devisee that was an heir-at-law of the testatrix. The Kilmartin heirs were entitled to a one-sixth interest in the estate, which was valued at $13,000, had the will been declared void, and are now joining with the complainants below in suing out this writ of error, and the Kilmartin minors assign the failure of the chancellor to appoint a guardian *ad litem* to defend them, and the taking of their default, as for error.

We have repeatedly held that it is reversible error to neglect to appoint a guardian *ad litem* for infants. Coun-

sel for defendants in error cites authorities to support
his contention that the error does not render the judg-
ment void but only voidable, and that a motion to set
aside the decree in the trial court was the proper method
of procedure in this case; but all the authorities cited
are where the attack on the decree of the trial court
was collateral. And we have repeatedly held that where
a guardian *ad litem* is appointed whose interests are in
any manner hostile to the interest of the minor, such ap-
pointment is reversible error. In this case the decree
of the lower court dismissing the bill was certainly hos-
tile to the interests of the Kilmartins, and we would be
reversing a well established rule to permit such a decree
to stand. In the case of *Hall* v. *Davis*, 44 Ill. 494, this
court said (p. 498): "In the case of *Peak* v. *Shasted*, 21 Ill.
137, it was held that a minor could only appear to de-
fend a suit by guardian, and that the plaintiff should,
in case a minor defendant failed to so appear, have a
guardian *ad litem* appointed to make defense. It was
also held that if a minor defendant should appear in per-
son or by attorney it would be error in fact, which may
be assigned in the court rendering the judgment; also,
that a judgment or decree against a minor without a
guardian may be set aside, on motion, in the court ren-
dering it, and let such defendant in to plead. In that
case the application was made to the court on motion,
and we said that such practice was regular. In this case
it appears by the petition that no appearance was en-
tered by Mary J. Davis, either in person, by guardian,
attorney or otherwise, nor does any such appearance ap-
pear from the record in the cause. It appears from the
petition, verified by the oath of the petitioner, that she
was a minor when all of these proceedings were had,
and that her rights were not protected in the decree of
the court. This, then, brings this case within *Peak's case.*
The court below should have allowed the petition and let
Mary J. Hall in to defend the suit, and on a final hearing

have rendered such a decree as should be required by the case made by the parties."

The decree of the superior court of Cook county is reversed and the cause is remanded to that court for such further action as may be desired, not inconsistent with this opinion.                    *Reversed and remanded.*