(No. 21417.—

THE SUNLIGHT COAL COMPANY, Plaintiff in Error, *vs.* THE
INDUSTRIAL COMMISSION *et al.*—(JOSEPH C. VIANO,
Defendant in Error.)

*Opinion filed October 22, 1932.*

JOHN J. SHERLOCK, and C. B. CHAPMAN, for plaintiff
in error.

SMITH & HOLDERMAN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Joseph C. Viano, was awarded compensation at the rate of $14 a week for 267-6/7 weeks for permanent total disability as the result of an accidental injury sustained by him on February 11, 1929, while an employee of plaintiff in error, the Sunlight Coal Company. On November 2, 1931, he filed with the Industrial Commission a petition asking that the unpaid balance of the award be paid to him in a lump sum. After a hearing on

the petition the commission ordered that the balance of compensation due Viano be commuted and paid to him in a lump sum of $1757.75. The decision of the Industrial Commission was confirmed by the circuit court of Grundy county. This court has allowed a writ of error for a review of the record.

The only contention of plaintiff in error is that the Industrial Commission erred in awarding the lump sum settlement because the evidence before it did not show that it would be to the best interests of the parties that such settlement be awarded.

No evidence was introduced or offered at the hearing before the Industrial Commission by plaintiff in error. Viano testified in substance as follows: He is fifty-eight and his wife is fifty-one years of age. They live together in Coal City, Illinois. They have no children except one grown son, who does not live with and is not dependent on them. He is county mine inspector of Grundy county and as such receives a salary of $41.66 a month. He has held that position since the fall of 1927. He is also, and has been since March, 1930, a member of the State Mining Board, with a salary of $500 a year. He lives in a six-room, one-story house that he rents for $15 a month. The house is on an unpaved street and in the residence district. It is for sale and has a fair cash market value of between $1400 and $1600. The owner asks $1800 for it, but witness thinks he could buy it for less than that amount for cash. He wants the lump sum settlement in order to get money to buy the house. Houses in Coal City are in demand "on account of the Dresden dam," and a new shop has been located there that brought in about twenty men. There are four small mines operating near Coal City and he knows of no houses there for rent. His debts are all paid.

The only other evidence at the hearing was the testimony of John M. McCluckie, which is in substance as fol-

lows: He is thirty-eight years old and has lived in Coal City all his life. The population of Coal City during that time has remained about the same and is now 1744. He does not think the population has decreased in the last year or so. After the Commercial mine, located about two miles east of Coal City, shut down four or five years ago, there was a material decrease in the population. He knows of only one vacant house in Coal City. Joseph Campbell, who owns the house occupied by Viano, was formerly employed at a mine located about two miles from Coal City, which is now closed. In witness' opinion $1500 would be a very fair price for the house occupied by Viano.

Section 9 of the Workmen's Compensation act provides that an employer or employee who desires to have compensation awarded under the act, or any unpaid part of such compensation, paid in a lump sum, may petition the commission asking that such compensation be so paid, and if, after proper notice to the interested parties and a proper showing made before the commission or any member thereof, it appears to the best interests of the parties that such compensation be so paid, the commission may order the commutation of the compensation to an equivalent lump sum. Lump sum settlements of compensation awarded under the act are the exception and not the rule, and before the Industrial Commission is authorized in awarding a lump sum settlement on the petition of an injured employee, such employee must make a showing, by competent evidence, that it is to his best interests that such settlement be made. (*Lincoln Water Co.* v. *Industrial Com.* 332 Ill. 64; *Sangamon County Mining Co.* v. *Industrial Com.* 315 id. 532; *Goelitz Co.* v. *Industrial Board,* 278 id. 164; *Forschner & Co.* v. *Industrial Board,* id. 99.) Unless it clearly be made to appear that the money will be properly safeguarded and that it will increase the disabled workman's means of support the prayer of his petition for a lump sum settlement should be denied. *Lincoln Water Co.* v. *Industrial Com. supra.*

The evidence in this case shows that Viano asks for the lump sum settlement in order to get money with which to buy a house and lot—the property that he now occupies as a tenant. There is no showing that the property, if purchased by him, would furnish any income to him. The evidence shows that he wants to buy the property for the sole purpose of occupying it as a home. The showing is that the property has a fair cash value of about $1500, but there is no showing that Viano will be able to buy it at that price. The evidence shows that at present he has an income of approximately $1000 a year in addition to his compensation. This income, as long as it lasts, might be sufficient to provide for the needs of himself and wife. It is not, however, an income that has any assurance of permanency. It is from appointive positions, and the possibility of his being removed at any time from either one or both of the positions is ever present. However commendable may be the desire of Viano to own a home, the award of a lump sum settlement of his compensation for the purpose of realizing such desire is not authorized in the absence of a showing that he will have in the future a dependable income sufficient to provide for the needs of himself and wife. His income as county mine inspector of Grundy county and as a member of the State Mining Board is an income that may or may not continue to be received in the future, and certainly is not of a nature that its continuance will be permanent. So far as the record shows he has no income except his compensation and his salary from those positions. From the evidence it does not appear that the payment of his compensation in a lump sum would be to his best interests. The petition, therefore, should have been denied.

The judgment of the circuit court is reversed and the order of the Industrial Commission set aside.

*Judgment reversed and order set aside.*