(No. 22192.—

THE ILLINOIS ZINC COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EMMA JOHNSON, Defendant in Error.)

*Opinion filed February 23, 1934.*

WILLIAM M. SCANLAN, for plaintiff in error.

JOHN J. SHERLOCK, and C. B. CHAPMAN, for defendant in error.

Mr. JUSTICE HERRICK delivered the opinion of the court:

Emil Johnson, the husband of Emma Johnson, the defendant in error herein, on November 6, 1931, while in the employ of the Illinois Zinc Company, received injuries

arising out of and in the course of his employment which resulted in his death on the same day. The defendant in error filed an application for compensation under the Workmen's Compensation act with the Industrial Commission. On December 23, 1931, an award was entered by the arbitrator hearing the cause, providing for the payment to the defendant in error of $10.58 per week for 378 weeks and 76 cents for an additional week, being a period of seven years and fifteen weeks. The award, if paid in accordance with its terms, would total $4000. No petition for review was filed and the decision of the arbitrator became the decision of the Industrial Commission. The deceased at the time of his death left the defendant in error as his widow and a married daughter who was living with her husband. She was not dependent on the deceased for her support. On January 23, 1932, exactly one month after the date of the allowance of the award, the defendant filed her petition praying for the allowance of $2000 in a lump sum, payable out of the award. The plaintiff in error opposed such allowance at the hearing held before the Industrial Commission. On April 4, 1932, the Industrial Commission ordered a partial lump sum settlement and directed the compensation for the last 113 weeks of the period, during which the plaintiff in error had been theretofore ordered to make the payments of compensation, be commuted to and paid by the plaintiff in error in a lump sum of $1007.74, and further ordered that the remainder of the compensation be paid in installments of $10.58 per week. The decision of the commission was confirmed by the circuit court of Bureau county. The plaintiff in error petitioned this court for writ of error. The prayer of the petition was granted and the cause is here for further review.

The plaintiff in error makes two contentions in this court challenging the correctness of the order entered by the Industrial Commission, as follows: (1) That the order

of the Industrial Commission commuting the payment of the compensation in a lump sum is not sustained by the evidence; (2) that as a matter of law the defendant in error, under the proper construction of the Workmen's Compensation act, was not entitled to have any part of the award allowed her paid in a lump sum. Only the first of these contentions need be considered.

The evidence showed that the defendant in error was the only witness who testified at the hearing. It appeared from her testimony that she was fifty-seven years old; that she was the owner of a five-room cottage, which needed paint and a new roof; that some party had told her it would cost $400 for the roof and about $200 for the painting; that she did not know how old the residence was; that it was an old building when purchased and had been repaired about twelve years ago; that the total tax on the property was payable in two installments of $11.74 each; that there was due a special assessment for paving, amounting to $31.41; that she had repaired the furnace at an expense of $31.17, which bill was unpaid; that she owed $67 for a cemetery lot but owed no other debts; that she had not paid her attorney any fees; that she and the deceased had only one child—a daughter thirty-seven years of age, who was married; that the daughter and her husband lived in the cottage with the defendant in error and had lived there for twelve years before the husband's death; that no one occupied any particular portion of the house but that they all lived together just as before the husband's death; that the daughter and son-in-law paid no rent and did not pay any before the husband's death; that they paid her nothing of value for occupying the house before the death of the husband; that the defendant in error did not pay any grocery bill or board after her husband's death but has lots of other expenses; that the son-in-law and daughter kept up the house and other expenses; that after the death

of her husband "there were a lot of expenses and money here and there;" that she had paid the funeral expenses, amounting to $400; that her son-in-law is employed as a barber and works steadily but has had two cuts in wages recently; that her husband carried $800 insurance at the time of his death, which was paid to her; that he had no other money or property; that there was no mortgage on the home and that it was clear; that she used the insurance money to pay the funeral expenses, and she has no means of support except the weekly compensation paid her under the award, and that she has had no occasion to have any medical attention for years. There was no attempt made at the hearing to particularize any of the expenses which the defendant in error had incurred other than as above stated, neither was there any testimony tending to show in what way the $400 remaining of the insurance money after the payment of the funeral expenses of $400 had been expended, nor to show the qualification of the person giving her the supposed cost of repairing the roof and painting the house.

The fundamental purpose of the Workmen's Compensation act is to recompense, partially, the workman for his loss of earnings or earning power by reason of the injuries suffered, arising out of and in the course of his employment. In the event that the death of the wage earner follows as a result of the accidental injuries, the purpose of the act is to furnish to his dependents a fund, payable in installments, similar to and in lieu of the weekly pay check and to recompense in part such dependents for the loss of the benefit of the earnings of the wage earner. It is of primary importance that this fund be safeguarded, so that the purpose of the act—namely, the care and support of those dependents—may be accomplished. This is to the interest of the dependents as well as the public. The public ultimately pays such benefits by reason of the increased operating costs of the employer's business imposed

upon him by the statute. If the compensation, or any part thereof, should be paid in a lump sum, neither the Industrial Commission nor the courts could protect the fund. It might be lost by unwise investments or be squandered and thereby the dependents become objects of charity and an additional burden upon the public. The very object of the statute would thereby be thwarted. The allowance of a lump sum award is the exception and not the rule. (*Sunlight Coal Co.* v. *Industrial Com.* 350 Ill. 125; *Lincoln Water Co.* v. *Industrial Com.* 332 id. 64; *Sangamon County Mining Co.* v. *Industrial Com.* 315 id. 532; *Goelitz Co.* v. *Industrial Board,* 278 id. 164; *Forschner & Co.* v. *Industrial Board,* 278 id. 99.) It follows, therefore, as a matter of public policy, that the welfare of the workman or his dependents is best served by the payment of the compensation in regular fixed installments as wages are paid.

While cases may arise where the best interests of the injured or his dependents require the payment of the compensation, or a part of it, in a lump sum, yet, in order to exact such payment of the employer against his will, the party demanding such lump sum must bring himself clearly within the provision of the statute. In those cases where the injured employee or his dependent brings himself within the class of those entitled to have the compensation, or some portion thereof, awarded in a lump sum, he has the burden of showing that his best interests, as contemplated by the object to be accomplished by the statute, will be truly served by the allowance of the compensation, or some portion thereof, in a lump sum. (*Sunlight Coal Co.* v. *Industrial Com. supra; Lincoln Water Co.* v. *Industrial Com. supra.*) The payment of attorney fees for services incurred in procuring the award is a proper element that might reasonably be considered by the Industrial Commission in deciding upon the petition for the allowance of a lump sum payment, but that element is not controlling in the matter. (*Goelitz Co.* v. *Industrial*

*Board, supra.*) The evidence is barren of the amount due the attorney in this case, although the testimony showed that no part of his fee had been paid. From the evidence it does not appear that the best interests of the defendant in error would be served by the payment of the lump sum awarded her.

The judgment of the circuit court is reversed and the order of the Industrial Commission is set aside.

*Judgment reversed and order set aside.*