(No. 24989.—

N. R. SKAGGS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARIE HENDERSON, Defendant in Error.)

*Opinion filed June 15, 1939.*

Henry Kneller, for plaintiff in error.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on writ of error allowed to review the judgment and order of the circuit court of Sangamon county confirming an award of the Industrial Commission of a partial lump sum settlement to Marie Henderson, widow of Melvin Henderson who died as result of an accident which arose out of and in the course of his employment. He left surviving, aside from the widow, four children, the oldest of which is seven years of age and the youngest about two years. Compensation was awarded in the sum of $4440, to be paid at the rate of $14 per week for 317 weeks and one week at $2.00. The average weekly wage of the deceased was found to be $18.46. The arbitrator made the following finding: "This award is given for the support of the surviving widow, Marie Henderson, and also

for the support and education of the four children under the age of 16 years," naming them, "all of whom the deceased was under legal obligations to support."

Melvin Henderson died on July 2, 1936. The award became final and was paid in weekly payments to the widow. On March 12, 1938, she, solely on her own behalf and in her own name, filed a petition for a partial lump sum settlement. On hearing on this petition before the commission she testified that she wished to use the money to buy a six-acre tract of land near Springfield, on which she would raise a garden, raise chickens and keep a cow and some pigs. She testified that she expected to pay $1000 for the land which had a three-room house on it, a chicken house and barn; that she intended to buy about 400 baby chicks and raise and sell them, and that to so stock the place would require about $400, in addition to which there would be some outlay for taxes, insurance, painting and repairing.

The widow, at the time of the hearing, was twenty-five years of age; had been born on a farm in Iowa where she lived until she was fifteen years of age, when she married, and since that time has lived at the outskirts of town. She was of the opinion that she and her family could live on what she could get from this tract of land together with income from the sale of chickens. She testified also that she owned, on the outskirts of Springfield, a small two-room house, which she held clear of incumbrance, but that it was not in a good neighborhood for the children. She thought she would be able to rent the house for about $10 per month and that its sale value was about $500. She testified that it took all the compensation she received to live and that she could save nothing. Her mother testified that when the petitioner was living on the farm she helped with the work like other members of the family. This witness was of the opinion that petitioner could operate a tract of land of this size and make a living for herself. She had not seen

this particular tract and did not testify as to its value. There was no evidence beyond the testimony of the widow as to the value of the property.

At the time of the hearing on the petition $1440 of the compensation had been paid. The commission found it was for the best interests of the parties that part of the remaining compensation be paid in a lump sum and ordered that 118 weeks be commuted to the lump sum of $1508.23 and that the remainder of the compensation be paid in weekly installments at the rate of $14 per week. The circuit court of Sangamon county confirmed this finding. The plaintiff in error contends here that the evidence fails to clearly establish that it would be for the best interests of the parties that a partial lump sum be awarded and that the legal rights of the minor children are not protected in the proceeding.

Section 9 of the Workmen's Compensation act, (Ill. Rev. Stat. 1937, chap. 48, par. 146, p. 1573,) under which the widow's petition was filed, provides: "Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the commission, asking that such compensation be so paid, and if, upon proper notice to the interested parties and a proper showing made before such commission or any member thereof, it appears to the best interests of the parties that such compensation be so paid, the commission may order the commutation of the compensation to an equivalent lump sum," as in that section provided.

Section 7(g) of the Workmen's Compensation act, (Ill. Rev. Stat. 1937, chap. 48, par. 144, p. 1569,) in part provides: "The compensation to be paid for injury which results in death, as provided in this section, shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased:

Provided, that the Industrial Commission or an arbitrator thereof may, in its or his discretion, order or award the payment to the parent or grandparent of a child for the latter's support of the amount of compensation which but for such order or award would have been paid to such child as its share of the compensation payable, which order or award may be modified from time to time by the commission in its discretion with respect to the person to whom shall be paid the amount of said order or award remaining unpaid at the time of said modification."

In this case the widow and children were found equally dependent upon the deceased for support. Section 7(a) of the Workmen's Compensation act, (Ill. Rev. Stat. 1937, chap. 48, par. 144, p. 1568,) in part provides: "Any right to receive compensation hereunder shall be extinguished by the remarriage of a widow, if the deceased did not leave him surviving any child or children whom he was under legal obligations to support at the time of said injury."

The fundamental purpose of the Workmen's Compensation act is that in event of the death of a wage-earner his dependents shall be provided a fund payable in installments similar to and in lieu of the weekly earnings of the deceased and to recompense such dependents, in part, for loss of the benefit of such earnings. It is, therefore, of primary importance that this fund be safeguarded so that this purpose of the act, namely the care and support of those dependents, may be accomplished. The allowance of a lump sum award is the exception and not the rule. *Illinois Zinc Co.* v. *Industrial Com.* 355 Ill. 253; *Sunlight Coal Co.* v. *Industrial Com.* 350 id. 125; *Lincoln Water and Light Co.* v. *Industrial Com.* 332 id. 64.

As this court said in *Illinois Zinc Co.* v. *Industrial Com. supra,* "It follows, therefore, as a matter of public policy, that the welfare of the workman or his dependents is best served by the payment of the compensation in regular fixed installments as wages are paid." The Industrial Commis-

sion may make an award of a lump sum upon proper showing. It is incumbent, however, that the petitioner show by competent evidence that it is to the best interest of the dependents that such a settlement be made, and unless it appear that the money will be properly safeguarded and will increase the means of support of such dependents, the petition for lump sum settlement should be denied. *Sunlight Coal Co.* v. *Industrial Com. supra; Sangamon Mining Co.* v. *Industrial Com.* 315 Ill. 532.

From these rules it will be seen that the burden rested upon the widow in this case to clearly show that her best interests will be served by the allowance of a lump sum, and since $1440 of the total compensation had already been paid, and she and her four children were found to be equally dependent upon the deceased, it is clear that a lump sum settlement such as is ordered here would exceed her interest or share in the remaining unpaid compensation. Her testimony on her petition has been hereinbefore stated in substance. There was no evidence as to whether the land she sought to buy was worth the price asked for it, or that the soil was fertile enough for truck gardening, and no evidence appears, beyond her own opinion, that she would be able to make enough to contribute to the livelihood of herself and children and meet the expense of up-keep and taxes on this property. Her evidence on that matter, therefore, does not meet the burden cast upon her to show that it is for the best interest of herself that this lump sum be awarded.

Nor does it show that it is for the best interest of the children that a portion of their share of the unpaid award should be used for the purchase of this land. While the widow testified that if she purchased the property she would have the title to it put in her name and the names of the children, yet the children were not joined by guardian or next friend in this petition. The commission, in its award, did not attempt to supervise the purchase of the property

and she was under no more than moral obligation to take title in the manner in which she testified she would take it. It is apparent that, even under such an arrangement, if the operation of this tract should not prove successful, requiring the sale of it, she would experience difficulty in giving the purchaser a clear title as the children are minors. This would likewise be so in case she sought a loan upon it. In either event, it would be necessary that a guardian or guardian *ad litem* be appointed to represent the interests of the children.

As this court has frequently announced, it is the public policy of the State that courts guard carefully the rights of minors, and, in cases such as this, it is essential that the Industrial Commission and the court see that the arrangements sought to be made be for the best interests not only of the widow but likewise of the minors, and it may be seen that an arrangement beneficial to the widow might not be, in the end, beneficial to the minors. The possibility of such a situation requires that before any action having in it such a contingency be taken, the interests of the minors be fully represented before the commission. If compensation awarded to the children be used to purchase this property, and they are not so represented, the action of the commission would not be binding upon them and could raise the question whether the employer might be required to make further payment to the extent of their interests. *Waechter* v. *Industrial Com.* 367 Ill. 256.

In the case last cited the commission found that the widow of the deceased workman was his sole dependent when in fact there was also a minor son. Upon remarriage of the widow the son, by his next friend, filed a petition seeking payment of compensation accruing after her remarriage. This court held that the erroneous order of the commission did violence to the rights of the minor who was not represented at any stage of the proceeding by a guardian *ad litem* or next friend, and that the original award finding

her the sole dependent of the deceased was not *res judicata* as against the rights of the minor son who was not a party to the proceeding. This holding is based on the well-settled rule of law that a minor cannot bring a legal proceeding nor engage in one in person or by an attorney but must appear by a guardian, a guardian *ad litem* or a next friend. (*Waechter* v. *Industrial Com. supra; Walgreen Co.* v. *Industrial Com.* 323 Ill. 194.) Where no guardian nor next friend of a minor appears, it is the duty of the court to appoint one. (*Simpson* v. *Simpson,* 273 Ill. 90; *Millard* v. *Marmon,* 116 id. 649.) Any action taken at law or in equity against the minor without such representation is voidable. (*White* v. *Kilmartin,* 205 Ill. 525; *Hall* v. *Davis,* 44 id. 494.) Not only will courts see that a guardian *ad litem* is appointed for the protection of rights of minors but will exercise constant supervision over such guardian *ad litem* to see that no interest of the minor or other person under legal disability is prejudiced. *Gibbs* v. *Andrews,* 299 Ill. 510.

While the minors' award was being properly paid to the widow who is their natural guardian, yet the possibility of a situation where the interests of the minors and the widow are not the same, requires that their interests be represented by a legal guardian, guardian *ad litem* or next friend. As the minors in this case were not represented either by guardian, guardian *ad litem* or next friend, and since the lump sum award sought would involve the award made to them, it was error to proceed with the hearing without requiring such representation. For the reasons herein stated, the judgment of the circuit court is reversed, the order of the Industrial Commission is set aside and the cause is remanded to that commission for further proceedings not inconsistent with the views herein expressed.

*Judgment reversed, order set aside and cause remanded to the Industrial Commission.*