MANHATTAN LONG CONSTRUCTION CO. et al. v. BRUTON et al.

No. 31268. June 15, 1943.

*138 P. 2d 814.*

George F. Short, Welcome D. Pierson,

640

George E. Fisher, and John F. Reed, all of Oklahoma City, for petitioners.

Hughey Baker, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This an original proceeding in this court brought by Manhattan Long Construction Company and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an order made by trial commissioner of the State Industrial Commission which commuted to a lump sum the balance due under an award which had previously been made in favor of Crockett Bruton, hereinafter referred to as respondent.

The authority of the State Industrial Commission in case of permanent partial disability resulting from nonspecific injury which comes under the "other cases" provision to commute an award therefor to a lump sum and direct its immediate payment, and the sufficiency of the evidence necessary to support such an order where the authority exists to make it, are the issues submitted for determination.

On October 24, 1941, respondent sustained a compensable injury when he fell and broke his pelvis, cracked his left hip, injured his left shoulder, left leg and his head and back. The petitioners furnished necessary medical attention and paid compensation for the temporary total disability which resulted from said injury. As the result of hearings held to determine the extent of disability, a trial commissioner found that the respondent had sustained permanent partial disabilities equivalent to 75 per cent disability to his entire body, and awarded compensation for such disability on the basis of percentage of permanent total disability, as directed under the "other cases" provision of the statute as amended May 14, 1941 (85 O. S. 1941 § 22, subd. 3). The award further provided that the latter part of this award be commuted to a lump sum payment of $1,000 for the respondent. Appeal to the commission sitting en banc resulted in an affirmance of the award. Petitioners permitted the award to thereupon become final and proceeded to make payments as therein directed. Thereafter, on October 6, 1942, respondent filed an application which requested the commission to commute the balance due under the award to a lump sum and to direct its immediate payment so as to enable respondent to purchase a farm and livestock and thus provide himself and his family with a permanent means of obtaining a livelihood. The petitioners appeared and opposed the application to commute the award, but offered no evidence in opposition thereto. The sole evidence adduced at the hearing consisted in the testimony of the respondent, which was to the effect that he and his wife had been reared upon farms and were best suited for that type of life, and that his family consisted of his wife and three children, and respondent believed that if he could receive the balance due him under the award in a lump sum and invest the same in a farm and some cattle, hogs and chickens, he would thereby be enabled to provide a subsistence for himself and family and a better living than could be had expending the compensation awarded over the period of weeks for which it had been made. Upon the evidence so adduced the trial commissioner found that it would be to the best interest of the respondent to commute the balance of the award as requested and to direct immediate payment thereof to the respondent so as to enable him to purchase a farm and livestock and thus support himself and his family with subsistence and a better living than they could otherwise obtain. The order so made is the one we are now called upon to review.

Petitioners seek to have said order vacated upon two grounds.

Petitioners first contend that since the award was made for a disability sustained as the result of nonspecific injuries for which compensation was payable under the "other cases" provision of the statute, it was therefore one which the Industrial Commission had no authority of law to commute to a

lump sum. In support of the contention so made petitioners cite Pioneer Drilling Co. v. Morphis, 183 Okla. 424, 82 P. 2d 1048; Barnsdall Refining Corp. v. Locker, 182 Okla. 318, 77 P. 2d 749; Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P. 2d 109. An examination of the cited cases will reveal that they hold that the effect of the amendment of section 13365, O. S. 1931, by section 2, ch. 29, S.L. 1933, was to render an award under the "other cases" provision of the statute as it then existed one which the commission was without authority to commute to a lump sum. Subsequent to the promulgation of the cited decisions, however, the cited section of the statute has been amended (85 O. S. 1941 § 41) so as to provide as follows:

"Awards for permanent disability, either total or partial, under subdivisions '1' and '3' of section 13356, Oklahoma Statutes 1931, shall be made for the aggregate total amount of compensation which the commission shall find the claimant will be entitled to receive, less any sum or sums theretofore paid which the said commission may find to be a proper credit thereon, and when same becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant, or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in section 1, ch. 29, Session Laws of 1933. The commission may determine that payment of said awards may be made in monthly or any other periodical installments as it may seem advisable, and may thereafter, on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof, . . ."

Coincident with the foregoing amendment the schedule of compensation for disability sustained as the result of nonspecific injuries coming under the "other cases" provision of the statute was amended (85 O. S. 1941 § 22, subd. 3) so as to read as follows:

"Other Cases: In all other classes of disabilities, excluding only those heretofore referred to in subdivision three, which disabilities result in loss of use of any portion of an employee's body, and which disabilities are permanent in quality but partial in character, the compensation ordered paid shall be sixty-six and two-thirds per centum of the average weekly wage during that portion of the number of weeks which the partial disability of the employee bears to the total permanent disability."

It will be observed that the effect of the foregoing amendments is to place an award for permanent partial disability under the "other cases" provision in the same category as other awards for permanent disability and to invest the State Industrial Commission with authority to commute such an award in the same manner as if it were one for a specific injury. We hold that under the statute as now amended, the commission was vested with plenary authority to commute the award.

Petitioners next contend even though the State Industrial Commission had authority to commute the award, it abused its discretion in so doing since evidence was insufficient to show that the best interest of the respondent and petitioners would be served by making the order. In support of the contention so made petitioners urge at some length the possibilities of respondent squandering the award and leaving himself and his family a charge upon the public, and in support of the philosophy thus indulged cites State ex rel. Anseth v. District Court of Koochiching County, 134 Minn. 16, 158 N. W. 713; Adams v. New York, O. & W. Ry. Co., 161 N. Y. Supp. 919; Sangamon County Milling Co. v. Industrial Commission, 315 Ill. 532, 146 N. E. 492; Sunlight Coal Co. v. Industrial Commission, 350 Ill. 125, 182 N. E. 758; Goelitz Co. v. Industrial Board, 278 Ill. 164, 115 N. E. 855; Reid v. Hartford Fuel Supply Co., 120 Conn. 541, 182 Atl. 141, which cases are authority for the proposition that the purpose of the Workmen's Compensation Act is to afford protection to injured employees and their families and to prevent them from becoming public charges, and that therefore, as a general rule, compensation should be paid

under said act periodically rather than in lump sums. Petitioners also cite Derr v. Weaver, 173 Okla. 140, 47 P. 2d 573, which is authority for the rule that under section 13365, O. S. 1931, the authority of the Industrial Commission to commute an award to a lump sum was a discretionary one in the exercise of which the commission should be guided by evidence and in a proceeding where the opposite party has been given an opportunity to be heard. It will be observed that under the amendment quoted above the State Industrial Commission is now clothed with plenary authority to commute awards and to direct their payment. The expediency and wisdom of such procedure is a matter of legislative concern and not one of judicial inquiry (Cornhuskers Theatres, Inc., v. Foster, supra) unless there has been a denial of due process of law in a proceeding leading up to the order (Derr v. Weaver, supra). This condition does not prevail in the order under review. The order, being one within the jurisdiction of the State Industrial Commission to make and no error of law being made to appear therein, will not be disturbed.

Order sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., absent.