AGGAS DRILLING CO. et al.
v. WILLIAMS et al.

No. 32835.    April 27, 1948.

*192 P. 2d 995.*

George F. Short, Welcome D. Pierson, John N. Singletary, and Margaret Behringer, all of Oklahoma City, for petitioners.

Atkinson, Schwoerke & Schwoerke, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J.  This is an original proceeding brought in this court by petitioners, Aggas Drilling Company and American Employers Insurance Company, its insurance carrier, to review an award of the State Industrial Commission made in favor of respondent Ralph Williams.

The commission found that as a result of an accidental injury received by respondent on July 28, 1945, while in the employ of Aggas Drilling Company, to his lower back in the region of the coccyx, he sustained a 10 per cent permanent partial disability to the body as a whole, and awarded compensation in his favor in the sum of $1,050 on the basis of 50 weeks at $21 per week,

and directed that same be paid in a lump sum.

Petitioners first contend that the award is not supported by any competent evidence.

Respondent testified that on the 28th day of July, 1945, while engaged in work for the Aggas Drilling Company, his foot slipped, which caused him to fall and hurt the lower part of his back resulting in some disability to his person.

The medical testimony is in conflict as to the disability sustained by respondent as a result of his injury. Several physicians testified that as a result of such injury, he sustained no permanent disability; that he had completely recovered from his injury and was able to perform manual labor as usual.

Dr. Moore, however, testified that as a result of the injury sustained July 28, 1945, respondent suffered an injury to the lower part of his back or coccyx, causing a 10 per cent permanent partial disability to his body as a whole.

While the evidence as to the extent of the disability is in conflict, we think when the evidence of Dr. Moore is considered in connection with the evidence of respondent, it is sufficient to sustain the award. We have frequently held that the cause and extent of a disability arising from an accidental injury are questions of fact to be determined by the State Industrial Commission, and where there is any competent evidence reasonably tending to sustain the findings, an award based thereon will not be disturbed on review.

It is further contended by petitioners that the order of the commission directing that the award be paid in a lump sum is not justified by the evidence and is contrary to law. In this connection it is asserted that while the commission is clothed with a wide discretion in such matters, its discretion is not unlimited, but that before the commission is justified in making such

order, there must first be presented an application therefor, notice thereof given to the employer and insurance carrier, and an opportunity given them to be heard, and that before such order is entered there must be some evidence offered and introduced tending to show such order advisable and in the interest of justice; that no such proceedings were had in the instant case and that the order and award in this respect is therefore void. In support of this contention they rely, among other cases, on the case of Derr v. Weaver, 173 Okla. 140, 47 P. 2d 573. We there said:

"Under section 13365, O. S. 1931, which provides: 'The Commission, whenever it shall deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice', the State Industrial Commission is not vested with jurisdiction to commute such periodical payments as therein provided without giving notice to the adverse party and an opportunity to be heard, for the reason that such action would be denial of due process of law."

In that case it appears that the commission, in its original order awarding compensation to claimant, directed that the award be paid in monthly installments. The commission thereafter on oral application of claimant without notice to the employer or its insurance carrier and without an opportunity given them to be heard, and without the introduction of any evidence as to the advisability of entering such order, or without any showing being made that the making of such order would be in the interest of justice, commuted the monthly payments into a lump sum payment. We there held that the original award was a final award binding and conclusive between the parties, and that the right and status of the parties thereunder could not be thereafter modified or changed without notice and an opportunity given to the employer and its insurance carrier to be heard; that the order of the State Industrial Commission modifying the order without no-

tice and an opportunity given to be heard and without evidence mounted to a denial of due process of law.

No such facts appear in the instant case. The commission herein did not in any manner attempt to change or modify its original order or award. The order requiring payment of the award to be made in a lump sum was made at the original hearing and is a part of the original award. Petitioners were present at that hearing; were given full opportunity to be heard and protest and contest the granting of such order. It cannot therefore be said that they have been denied due process of law. Moreover, the court in the cited case was construing section 13365, O. S. 1931. This section provides:

"Compensation under the provisions of this Act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury and shall be so provided for in any award; but the commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice. All payments as required by the award shall be made to the injured employee in the manner and form prescribed by the commission. And employers and insurance companies shall for such purposes be permitted, or when necessary to protect the interest of the beneficiary may be required, to make deposits with the commission to secure the prompt and convenient payment of such compensation."

In 1941, this section was amended to read as follows, 85 O. S. §41:

"Awards for permanent disability, either total or partial, under subdivisions '1' and '3' of Section 13356, Oklahoma Statutes 1931, shall be made for the aggregate total amount of compensation which the Commission shall find the claimant will be entitled to receive, less any sum or sums theretofore paid which the said Commission may find to be a proper credit thereon, and when same becomes final, the whole sum or any unpaid portion thereof, shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant, or in case of his death, by the surviving beneficiary entitled to the proceeds as provided by Section 1, Chapter 29, Session Laws of 1933. The Commission may determine that payment of said award may be made in monthly or any other periodical installments as it may seem advisable, and may thereafter, on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof, and in case of death of claimant at any time before satisfaction or payment of the total award made, the same shall not abate, but shall be revived in favor of the person or persons determined by the Commission to be entitled thereto."

Under the 1931 statute, the commission was expressly required to make its award payable in periodical or monthly payments with discretionary power vested in it to thereafter commute such monthly payments to a lump sum payment or payments when deemed advisable and in the interest of justice.

Under the 1941 statute, supra, the commission may in its discretion in the first instance require and order that the award be paid in a lump sum, or it may direct the same to be paid in periodical or monthly installments. Since the commission has plenary power under the statute, as amended, in entering an award to require it to be paid in a lump sum, the authorities cited and relied upon by petitioners are not applicable.

The rule that an award for disability resulting from a non-specific injury coming under the "other cases" provision of the statute may not be commuted into a lump sum payment— Cornhuskers Theatres v. Foster, 181 Okla. 341, 74 P. 2d 109, and cases

therein cited—no longer prevails in view of the 1941 amendment of the 1931 law and now appearing in 85 O. S. 1941 §22, subd. 3 and §41. In the case of Manhattan Long Construction Co. et al. v. Bruton, 192 Okla. 639, 138 P. 2d 814, after discussing the amended sections of the 1931 Law as above indicated, we said:

"It will be observed that the effect of the foregoing amendments is to place an award for permanent partial disability under the 'other cases' provision in the same category as other awards for permanent disability and to invest the State Industrial Commission with authority to commute such an award in the same manner as if it were one for a specific injury. We hold that under the statute as now amended, the commission was vested with plenary authority to commute the award."

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY and WELCH, JJ., concur. GIBSON, ARNOLD, and LUTTRELL, JJ., concur in conclusion.