BOWEN v. McHENRY et al.

No. 33591. . Feb. 15, 1949.

202 P. 2d 987.

Cheek, Cheek & Cheek, of Oklahoma City, for petitioner.

Oather O. Leach, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J. This is an original proceeding brought in this court by Matt Bowen, who is named as doing business as Jenks Coal Company,

known as Western Coal Company, Bowen Construction Company, to review an order of the State Industrial Commission awarding compensation to respondent L. B. McHenry.

The trial commissioner before whom the case was originally heard denied compensation on the ground that the evidence was insufficient to show that respondent was in the employ of petitioner at the time he sustained his injury. The order was vacated on appeal to the commission en banc. The commission, in substance, found that claimant on the 10th day of May, 1947, while in the employ of respondent, sustained an accidental personal injury arising out of and in the course of his employment causing injury to his back which resulted in a 10 per cent permanent partial disability to his body as a whole; that at the time of said injury, claimant's average daily wage was sufficient to entitle him to compensation at the rate of $21 per week.

Upon the above finding the commission made an award awarding compensation against respondent in the sum of $1,050 or 50 weeks payable at the rate of $21 per week, and directed that the award be paid in a lump sum.

Petitioner in his brief asserts that the award is indefinite in that it fails to designate by name the person against whom it intended to direct the order and award. It is argued that the award is directed against the respondent; that the record is in confusion as to who constituted the respondent. It is disclosed that in the hearing before the State Industrial Commission respondent herein is referred to as claimant and Jenks Coal Company, known as Western Coal Company, Bowen Construction Company, is designated respondent. In his claim for compensation on file before the commission, respondent states that at the time he sustained his injury he was employed by the Jenks Coal Company; that thereafter an amended claim was filed making Bowen Construction Company a party to the action and a respondent therein. The evidence shows that respondent at the time he sustained his alleged injury was in the employ of Bowen Construction Company, and that the Bowen Construction Company consisted of Matt Bowen, an individual; that Matt Bowen was conducting the business in the name of Bowen Construction Company; that the Jenks Coal Company ceased to exist long prior to the date of the injury, and that from January 1, 1947, to July 1, 1947, the business was operated and conducted by Matt Bowen, doing business as Bowen Construction Company.

The award is rather indefinite in that it fails to clearly designate to whom the commission was referring in its order awarding compensation. Counsel for petitioner, however, in their brief state that since no person is designated or named in the award as respondent, Matt Bowen concluded that the order was directed again him. He filed his petition to review in this court as Matt Bowen, doing business as Jenks Coal Company, known as Western Coal Company, Bowen Construction Company.

Petitioner herein does not insist that the award should be vacated on account of this irregularity appearing therein. He, among other things, contends that the evidence is insufficient to support the finding of the commission that respondent was in the employ of petitioner at the time he sustained his injury.

The evidence shows that petitioner, Matt Bowen, doing business as Bowen Construction Company, at the date respondent sustained his injury was engaged in the business of transporting coal from a mine located in the southern part of Tulsa county to a tipple on the railroad near the town of Jenks, a distance of three miles; that petitioner entered into a contract with C. L. Cobb to haul the coal, for which he agreed to pay him 30c per ton. Cobb was the owner of several trucks and

hired and paid respondent to drive one of the trucks, for which he agreed to pay him compensation on the basis of 50 per cent of the net profits earned by the truck driven by him.

The evidence further shows that petitioner had constructed a private road, a distance of one-fourth mile, leading from the main highway to the mine; that this road became worn and needed repairing.

On the morning of May 10, 1947, while respondent and Cobb were driving their trucks along and over this private road, they were ordered and directed by one Keno, petitioner's foreman, to park their trucks and proceed to repair the road. In compliance with this order, respondent started working on the road, and while so engaged and while attempting to lift and carry a heavy boulder for the purpose of placing the same in a large hole which had worn into the road, he strained and hurt his back which resulted in some disability to his person.

It is the contention of petitioner that respondent was in the employ of Cobb at the time he sustained his injury rather than in his employ; that he had entered into a contract with Cobb to haul the coal on a per ton basis; that the relationship of principal and independent contractor existed between him and Cobb; that Cobb employed and paid respondent and was therefore his employee. This contention cannot be sustained. The evidence shows that petitioner at all times exercised full and complete control over both Cobb and respondent as to the time they should report to work, and the hours in which they should work; the number of trucks which should be used and, in fact, at all times directed the manner in which the work should be performed. Moreover, petitioner, Matt Bowen, testified that he reserved and retained full power to discharge respondent at any time he saw fit. The evidence is wholly insufficient to show that the relation of principal and independent contractor

existed between Cobb and petitioner relative to the hauling of the coal, but on the other hand, clearly shows such relationship to be that of master and servant. State Highway Commission v. Brewer, 196 Okla. 437, 165 P. 2d 612; State Highway Commission v. Gaston, 185 Okla. 540, 94 P. 2d 915; Dierks Lumber & Coal Co. et al. v. McDaniels et al., 188 Okla. 695, 112 P. 2d 1082.

The respondent was injured while engaged in work in connection with the repairing of the road. This road was a private road and was constructed and maintained by petitioner as a means of ingress and egress to and from the mine and was used by the trucks in hauling the coal in question. Respondent was directed by petitioner's foreman, Mr. Keno, to park his truck and work on this road, and while so working he sustained his injury. Under the circumstances, he was subject to the general employment of petitioner and at the time of his injury was engaged in repairing a road, the use of which was a necessary incident to the hauling of coal by petitioner.

It is further contended that the evidence is insufficient to support the finding of the commission that respondent as a result of his injury sustained a 10 per cent permanent partial disability to his body as a whole.

Respondent testified that while working on the road and while engaged in lifting a heavy boulder for the purpose of placing it in a hole which had worn in the road, he strained and hurt his back, which resulted in some disability to his person and that he has never fully recovered therefrom.

The medical testimony is in conflict as to the disability sustained by respondent as the result of his injury. Several physicians testified that he had sustained no permanent disability. One doctor, however, testified that he first saw and examined respondent on the 26th day of September, 1947; that he found him suffering from some injury and disability to the back. He diag-

nosed the case as chronic sacroiliac of traumatic origin and further stated from the history of the case obtained from respondent and his examination, in his opinion, respondent had sustained a 25 per cent permanent partial disability to the body as a whole, and that such disability was due to the injury sustained while lifting the boulder. The evidence is sufficient to sustain the finding of the commission as to the cause and extent of disability.

It is next contended by petitioner that the evidence is insufficient to sustain the finding of the commission that the injury sustained by respondent was an accidental injury within the meaning of the Workmen's Compensation Act. The evidence above detailed disposes of this question and amply supports the finding of the commission in this respect.

It is also contended by petitioner that the evidence does not support the finding of the commission that respondent's average daily wage at the time he sustained his injury was sufficient to entitle him to compensation at the rate of $21 per week. This contention cannot be sustained. Respondent testified that his share of the profits from driving the truck and hauling the coal amounted to about $8 per day. There is no evidence to the contrary. It is sufficient to sustain the finding of the commission.

It is finally contended that the commission erred in ordering that the amount awarded against him be paid in a lump sum. The award in this respect is authorized by 85 O. S. 1941 §41. In the case of Aggas Drilling Co. v. Williams, 200 Okla. 277, 192 P. 2d 995, under facts somewhat similar to the facts in the instant case, we held:

"The State Industrial Commission in entering an award for permanent disability, either total or partial, may in its discretion require such award to be paid in a lump sum. 85 O. S. 1941 §41. This rule applies whether the award be for disability resulting from a spe-

cific member injury under 85 O. S. 1941 §22, subd. 1 or for a nonspecific injury coming under the 'other cases' provision of the statute. 85 O. S. 1941 §22, subd. 3."

The authorities relied upon by petitioner in support of this contention are not applicable. In the above case, we distinguished the authorities herein relied upon by petitioner and held the same inapplicable under the facts there presented. What is there said applies here. See, also, Manhattan Construction Co. v. Bruton, 192 Okla. 639, 138 P. 2d 814.

Award modified and corrected to conform to the evidence by directing the same as against respondent, Matt Bowen, doing business as Bowen Construction Company, and as so modified is sustained.