COLE SPURGEON DRILLING COMPANY and Mid-Continent Casualty Company, Petitioners,

v.

Jess B. PARRIS and the State Industrial Commission, Respondents.

No. 38569.

Supreme Court of Oklahoma.

Nov. 3, 1959.

A. M. Covington, Tulsa, Marshall Huser, Wewoka, R. D. Cox, Wewoka, on the brief, for petitioners.

Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On June 27, 1958, Jess B. Parris, hereinafter referred to as claimant, filed a claim for compensation against his employer, Cole Spurgeon Drilling Company and its insurance carrier, Mid-Continent Casualty Company, hereinafter referred to as petitioners, stating that on the 18th day of May, 1958, while in the employ of petitioner, Cole Spurgeon Drilling Company, he sustained an accidental injury consisting of an injury to his back resulting in some permanent disability to his person. The injury occurred while he was engaged in lifting joint pipe and the pipe sprung throwing him to the ground jerking his body and back.

On August 28, 1958, claimant was awarded compensation for permanent partial disability to his body as a whole in the sum of $2,625, based on 17.5 per cent permanent partial disability to his body as a whole. The award was directed to be paid at the rate of $30 per week. Installments were paid on the award in the amount of $270. On the 25th day of September, 1958, claimant filed a motion to commute the remaining installments to a lump sum payment, and in his motion alleged:

"That the Temporary Total that was paid to said Claimant was not sufficient to sustain him and his family and he became indebted to numerous persons during said period and is now heavily in debt on account thereof.

"That the lump sum of $270.00 was paid out immediately on receipt of same but he is still in debt and his creditors are calling upon him for their money. That he has no income at present that is steady and unless said award is commuted to a lump sum he will steadily get deeper in debt.

"That he has two children that are enrolled in School and he needs to buy food, clothing and books for them also.

"That the needs are great and the award weekly income is small and believes it to be the best interest that said award be commuted to a lump sum."

Claimant at the hearing of said motion testified that after he sustained his injury for which he was awarded compensation he kept on working. He worked at intervals at his occupation as a truck driver; that he worked at such occupation for some time and kept trying to work, but during all the

time he was working he suffered pain in his back. He has become indebted since the time he sustained his injury. He is behind in his rent; he owes on his grocery bill the sum of $180; he owes to a doctor at Seminole the sum of $170; and owes a bank at Wewoka, Oklahoma, the sum of $250. He has in mind a five acre tract of land which he desires to purchase. He could purchase this tract by making a down payment of $1,-200, and the owner would then carry him for the balance of the purchase price on his individual promissory note. He testified that the tract is improved. There is erected thereon a three room house, a barn and a chicken house; that if he could obtain the tract he could make a living for himself and family by raising chickens and other products off the tract.

The trial judge, under the above evidence, after finding that it would be to claimant's best interest to commute the balance due under the Commission order of August 28, 1958, to a lump sum and pay to claimant at this time, entered an award in favor of claimant commuting the remainder of the installments to a lump sum payment.

Petitioners bring the case here for review and rely for its vacation on the following proposition:

"The State Industrial Commission cannot commute an award to a lump sum in the absence of a determination that such is in the interest of substantial justice."

It is contended by petitioners that since the Commission did not find that it would be in the interest of justice to commute the periodical compensation payments into a lump sum the findings were insufficient to authorize it to enter an order commuting the periodical payments to a lump sum payment, and that the order for this reason should be vacated. In support of this contention they cite Parkhill Truck Co. v. Emery, 166 Okl. 280, 27 P.2d 333. In that case we held:

"While the State Industrial Commission is vested with a wide discretion in the matter of commuting periodical payments of an award into a lump sum payment in the interest of justice, an order commuting such payments will not be sustained where the record affirmatively shows that such order was made in view of the impending death of the claimant and does not promote substantial justice to all the parties involved."

We do not think that case applicable here. The court based the above holding on Section 13365, O.S.1931. This section in part provides:

"Compensation under the provisions of this Act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury and shall be so provided for in any award; but the Commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice. * * *"

This statute has since been amended and the statute as amended now appears 85 O.S. 1951 § 41, which provides in part as follows:

"* * * The Commission may determine that payment of said award may be made in monthly or any other periodical installments as it may deem advisable, and may thereafter, on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof. * * *"

It will be noted that in the amendment of the above section of the 1931 statute the language contained therein that the Commission may commute periodical monthly payments into a lump sum "provided the same shall be in the interest of justice" has been deleted by the amendment.

This does not mean that the interest of justice may be ignored, but leaves it to the Commission to determine what order, under the circumstances, should be entered in furtherance of justice, without the necessity of any stated finding that the order "is in the interest of justice."

Claimant in support of the order cites Aggas Drilling Co. v. Williams, 200 Okl. 277, 192 P.2d 995, 997. In that case, after referring to Section 13365, O.S.1931, this court says in 1941 this section was amended to read as follows; 85 O.S. § 41, and after quoting this section the court further said:

"Under the 1931 statute the commission was expressly required to make its award payable in periodical or monthly payments with discretionary power vested in it to thereafter commute such monthly payments to a lump sum payment or payments when deemed advisable and in the interest of justice.

"Under the 1941 statute, supra, the Commission may in its discretion in the first instance require and order that the award be paid in a lump sum or it may direct the same to be paid in periodical or monthly installments. Since the Commission has plenary power under the statute, as amended, in entering an award to require it to be paid in a lump sum, the authorities cited and relied upon by petitioner are not applicable.

" * * * In the case of Manhattan Long Construction Co. v. Bruton, 192 Okl. 639, 138 P.2d 814, 816, after discussing the amended sections of the 1931 Law as above indicated, we said: 'It will be observed that the effect of the foregoing amendments is to place an award for permanent partial disability under the "other cases" provision in the same category as other awards for permanent disability and to invest the State Industrial Commission with authority to commute such an award in the same manner as if it were one for a specific injury. We hold that under the statute as now amended the commission was vested with plenary authority to commute the award.' "

■ The record further discloses that at the close of the hearing of claimant's motion to commute, counsel for petitioners objected to the court making the order of commutation for the reason that they would be prejudiced thereby in that they might be deprived of their right to reopen and to diminish periodical monthly payments on the ground that claimant's condition is better than it was at the time the original award was entered. In this connection counsel state that claimant's evidence shows that his condition is better than it was at the time the original award was entered; that he kept on working and continued to work at his usual employment as a truck driver. Claimant, however, in this respect testified that after the original award was entered he obtained employment at intervals as a truck driver and that he drove a truck for some time, and is still trying to do so, but that he suffered pain all the time he was working.

It must be remembered that in the original award the Commission awarded claimant compensation on the basis of 17.5 permanent partial disability to his body as a whole. It will be presumed that one with only 17.5 disability may still continue to do some work. There is nothing in claimant's testimony tending to show, or from which the reasonable inference might be drawn, that his disability is now less than 17.5 permanent partial to the body as a whole. There is very little, if any, merit to this contention of petitioners.

Petitioners further contend that claimant's main reason for asking that periodical payments be commuted to a lump sum was in order that he might obtain funds to make a down payment on a tract of land, and that such reason is insufficient to authorize the Commission to make such commutation. We have held to the contrary in Manhattan Long Const. Co. v. Bruton, 192 Okl. 639, 138 P.2d 814. This, however, was not the sole reason which prompted claimant to make his application for commutation of

periodical payments into a lump sum payment. He assigned other reasons, as above set forth, for filing such motion, and stated in his testimony that if the periodical payments were commuted to a lump sum payment he would first discharge his indebtedness and would use the balance to make the down payment on the purchase of the tract of land above referred to.

We conclude that the findings of the Commission are sufficient to authorize it to make the order of commutation, and that the evidence is sufficient to sustain the order. The State Industrial Commission under 85 O.S.1951 § 41, is vested with wide discretion in commuting periodical compensation payments into a lump sum payment, and its order in commuting such payments into a lump sum payment will not be disturbed on review in the absence of a showing of an abuse of discretion. No abuse of discretion is here shown. Petroleum Maintenance Co. v. Herron, 201 Okl. 393, 206 P.2d 182.

Order sustained.