### JOHN ANDERSON vs. WILLIAM T. LYNCH.

First Judicial District, Hartford, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

While § 5367 of the General Statutes authorizes the Compensation Commissioner to commute weekly compensations into monthly or quarterly payments, or into a single lump sum, maintaining "a true equivalence of value . . . with due discount of sums payable in the future,"—it is manifest that commutation into a single lump sum is possible only in cases in which the weekly sum is payable for a definite, fixed number of weeks; it is impossible if the period during which the payments are to be made is indefinite or uncertain, as, for instance, during the disability or incapacity of the employee.

This statute (§ 5367) does not permit a Commissioner to award, by way of compensation, such a lump sum as he may deem just.

In the present case the injury, which resulted in partial incapacity, called for a weekly compensation equal to half the difference between the employee's average weekly earnings before the injury, and the amount he was able to earn thereafter. *Held* that an award of one half the average wages of the employee for a period of thirty weeks was unwarranted by statute and erroneous.

Submitted on briefs October 4th—decided November 30th, 1921.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the fifth district, acting for and in place of the Commissioner of the first district, taken to the Superior Court in Hart-

Anderson *v*. Lynch.

ford County and, by agreement of the parties, transferred to and heard by said court in Middlesex County (*Greene J.*), which directed the dismissal of the appeal, and from the judgment thereafter rendered in conformity with this direction, by said court in Hartford County (*Haines, J.*), the defendant appealed. *Error and cause remanded.*

The commissioner found that the plaintiff whose back was injured, suffered an injury arising out of and in the course of his employment; that his average wages computed in accordance with the statute were $24 a week; and awarded compensation "at the rate of $12 per week for thirty weeks," and that the defendant pay all medical, surgical and hospital expenses. On the defendant's appeal, the Superior Court sustained the award on the ground that it was within the spirit and meaning of § 5367 *; and if not, that the error was not injurious to the defendant. In the Superior Court counsel agreed that the plaintiff's incapacity was partial. The defendant appeals from the ruling and decision of the Superior Court, because the award of the commissioner was contrary to the statute, and because he had no authority to award weekly compensation for a fixed period of time.

---

* Sec. 5367. COMMUTATION INTO LUMP SUMS. When he finds it just or necessary, the commissioner may approve or direct the commutation, in whole or in part, of weekly compensations under the provisions of this chapter into monthly or quarterly payments, or into a single lump sum, which may be paid to the one then entitled to the compensation, and such commutation shall be binding upon all persons who may be entitled to compensation for the injury in question. In any such case of commutation, a true equivalence of value shall be maintained, with due discount of sums payable in the future; and when commutation is made into a single lump sum, the commissioner may direct that it be paid into any savings bank, trust company or life insurance company which is authorized to do business within this state, to be held in trust for the beneficiary or beneficiaries under the provisions of.this chapter and paid in conformity with the provisions of this chapter.

*Thomas C. Flood,* for the appellant (defendant).

*Gustaf B. Carlson* and *Carl F. Anderson,* for the appellee (plaintiff).

BEACH, J. The reasons of appeal assume that the plaintiff's incapacity is partial, and the Superior Court in its memorandum states that counsel so agreed. There is, however, no such finding by the commissioner, and the award of weekly compensation equal to one half of the plaintiff's average weekly earnings at the time of his injury, could not lawfully have been made except in the case of total incapacity. Nevertheless, the injury in question is not one of those enumerated in § 5352, and so far as the commissioner's jurisdiction to render an award of weekly compensation for a fixed period of time is concerned, it makes no difference whether the incapacity is partial or total.

No express authority for such an award can be found in the statutes. The plaintiff's contention is that the commissioner could have allowed him a lump sum under § 5367, and therefore could reach the same result by allowing him a lump sum divided into thirty weekly payments. We think § 5367 did not authorize the commissioner to award a single lump sum in this case. The authority given by that section is, not to award by way of compensation such a lump sum as the commissioner may deem just, but to "approve or direct the commutation, in whole or in part, of weekly compensations under the provisions of this chapter into monthly or quarterly payments, or into a single lump sum." The authority to commute the weekly compensations already provided for in the Act, into monthly payments, or into a single payment, carries its own limitations on its face. If the period for which the weekly

compensations is to be continued is a fixed period of time, as it is in the cases specifically enumerated in § 5352, and in cases of permanent total disability, the award can be commuted into a single lump sum without changing its value to the plaintiff or its cost to the defendant.   But in all other cases the duration and amount of the weekly payments is dependent on the continuance and the degree of the plaintiff's incapacity. Such payments may, for the time being, be commuted into monthly or quarterly payments, but they cannot be commuted into a single lump sum without violating the express requirement of § 5367, that "in any such case of commutation, a true equivalence of value shall be maintained, with due discount of sums payable in the future."   Many other provisions of the statute also express its manifest intent, that the injured employee shall in every adjudicated case receive no more and no less than the statutory compensation, and that in every settlement by special agreement or substitute system of compensation he shall receive no less than the statutory compensation.   In all cases not covered by the schedule of injuries enumerated in § 5352, the statute requires that the weekly compensation, or its true equivalent in value, when commuted into monthly or quarterly payments, shall continue during the period of total or partial incapacity, not exceeding five hundred and twenty weeks.   In such cases the statute makes the future compensation dependent on the actual continuance and degree of incapacity of the plaintiff; and the commissioner has no power to award compensation on any other terms.   He is not to award such damages as he deems just, but to determine what the facts are, and then apply the statutory measure of compensation to the particular case.

There is error, and the cause is remanded to the Superior Court with directions to set aside the judg-

ment for the plaintiff and to remand the cause to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.