TIMOTHY J. GAHAN vs. THE F. S. PAYNE COMPANY.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The Compensation Commissioner has no power under General Statutes, § 5367, to commute weekly amounts, awarded as compensation, into a single lump sum, unless he finds that the duration of the incapacity, partial or total, is definite and certain, and that such commutation is just or necessary. Accordingly, if the Commissioner reasonably finds, as in the present case, that the incapacity will continue for six months, and may continue for eighteen, and that it is just or necessary to commute, his power to commute is limited to the definite period of six months, because any commutation covering a longer time must necessarily rely upon mere estimate or conjecture, thus running counter to the spirit and provisions of the Workmen's Compensation Act.

In the present case the Commissioner also found that except for the unlikely death of the injured employee, he was certain to be entitled to compensation in some form or other for a period of more than one hundred weeks. Held that this finding conflicted with the finding above referred to, which represented the true situation as the Commissioner viewed the facts, as was indicated by the other facts found.

The Commissioner's authority to commute weekly compensations into monthly or quarterly payments rests upon the same basis as his power to commute weekly compensations in cases of partial incapacity of longer duration, since commutation is but the sub-

stitution of another form of compensation for the weekly compensation.

The case of *Anderson* v. *Lynch,* 96 Conn. 673, explained, approved and followed.

Submitted on briefs October 25th—decided November 27th, 1922.

APPEAL by the plaintiff from a judgment of the Superior Court in New Haven County, *Hinman, J.,* vacating and setting aside an award of the Compensation Commissioner of the third district in the plaintiff's favor. *No error.*

*James E. Wheeler,* for the appellant (plaintiff).

*James D. Hart,* for the appellee (defendant).

WHEELER, C. J. The plaintiff appeals from the judgment of the Superior Court vacating the award of the Commissioner, "that the payments of compensation for seventy-three weeks, beginning March 19, 1921, be commuted into a lump sum of $1,003.23, to be paid forthwith," etc. The essential facts surrounding the injury and the award made by the Commissioner, as detailed by him, are these: The plaintiff has suffered a total present loss of the use of the injured foot at the ankle, but that loss will not be permanent. It is impossible now (March 15th, 1921) to determine the duration and degree of the future partial loss. The foot will improve to some extent, and it is probable that at a period of from six months to a year and a half hence, there will be reached a permanent condition of the foot resulting in a partial loss of the foot to a substantial degree, but whose extent cannot now (March 15th, 1921) be determined. The improvement in the foot will be due partly to the curative processes of nature, and partly to the effect of treatment. The plaintiff is in apparent good health, and except in the unlikely event of his death, is certain to be entitled

to compensation in some form or other for a period of more than one hundred weeks. The Commissioner finds that it is just and necessary that there should be a commutation to the extent of $1,000. The award confirmed the voluntary agreement for compensation for a total incapacity, and denied defendant's motion for a determination of the proportionate loss of the use of the foot at the ankle, without prejudice to the right to renew the motion at the termination of the period of total incapacity. And the Commissioner further adjudged that the payments of compensation for seventy-three weeks, beginning March 19th, 1921, be commuted into a lump sum.

The single error assigned is that the Commissioner, upon a finding that "except in the unlikely event of his death, the plaintiff is certain to be entitled to compensation in some form or other for a period of more than one hundred weeks," could not commute compensation for a less number of weeks, or seventy-three weeks, into a lump sum to be paid forthwith. The authority of the Commissioner, at the date of this award, to approve or direct the commutation of weekly compensations, is found in General Statutes, § 5367. We interpreted this section in *Anderson* v. *Lynch,* 96 Conn. 673, 115 Atl. 474, and held that the authority given the Commissioner by this section was not to award such a lump sum as he might deem necessary or just, but to approve or direct the commutation of weekly compensations under the provisions of the Compensation Act, into monthly or quarterly payments, or into a single lump sum, as he might find to be just or necessary. We found an express limitation upon the authority of the Commissioner, in the provision of this section that "in any such case of commutation, a true equivalence of value shall be maintained, with due discount of sums payable in the

future." From this and other provisions of the Compensation Act, we held that the manifest intent of the Act was that in no case should the injured employee receive more than the statutory compensation. · We also held that it necessarily followed that his future compensation ·was dependent upon the actual continuance and degree of his incapacity, and that his incapacity must be determined for a fixed period before the Commissioner could approve or direct a commutation, and that in no case could the commutation exceed the fixed period. We further held that his power to commute the weekly compensations into a single lump sum, existed in the cases specifically enumerated in § 5352 as amended, and to cases of permanent total disability; because the period for which the weekly compensations may· be continued is a fixed period, and hence the commutation into a lump sum did not change its value to the employee or its cost to the defendant. "But in all other cases the duration and amount of the weekly payments is dependent on the continuance and the degree of the plaintiff's incapacity." *Anderson* v. *Lynch*, 96 Conn. 675, 115 Atl. 474. Making the application more specific, it follows: Where the Commissioner may reasonably find that the incapacity, partial or total, will continue for a definite time, he is authorized under this statute, if he finds it just or necessary, to commute the weekly compensation covering this fixed period. Where he cannot reasonably find that the incapacity will continue for a definite or fixed period, he has no power to commute, even though he may find it just or necessary so to do. Where he can find that the incapacity will continue, for example, for six months and may continue or will probably continue for one and a half years, he can, if he finds it to be just or necessary, commute for the six months, which is the definite and fixed period of

incapacity, but not for the period of a year and a half, even though he finds it to be just or necessary, for the period beyond the six months is a mere estimate. The Commissioner's authority to commute weekly compensations into monthly or quarterly payments, rests upon precisely the same basis as his power to commute weekly compensations in cases of partial incapacity of longer duration. The principle under-lying this statutory provision is, that commutation is the substitution of another form of compensation for the weekly compensation. If the commutation were not limited to the period of actual incapacity, the award might run far beyond that period, although the Act is careful to limit the weekly compensation to the period of incapacity. Applying the statute to the facts found, we find that the condition of total incapacity during which compensation must be awarded the plaintiff will continue for a period of from six months to a year and a half from the date of the award made before the permanent partial loss of the foot—that is, the propor-tionate loss of its use—can be ascertained. At most, this is a finding that the actual known period of total incapacity while the foot is under treatment, and preceding the ascertainment of the permanent partial incapacity, will be six months. That it may run to one and a half years is mere estimate.

In another paragraph the Commissioner finds: "Except in the unlikely event of his death, he is cer-tain to be entitled to compensation in some form or other for a period of more than one hundred weeks." We presume that this means that the period of total incapacity, antecedent to the time when the propor-tionate loss of use can be determined, will be one hun-dred weeks. This finding conflicts with the finding to which we have referred, which fixes the duration of total incapacity at a minimum of six months and a

maximum of one and a half years, and it is this finding
which represents the true situation as the Commissioner
viewed the facts. The other facts of the finding lend
support to this conclusion. The commutation of
compensation which the Commissioner made was for
seventy-three weeks, and exceeds the fixed period of
incapacity of six months, as found by him, and hence
was beyond his power to make, as the trial court cor-
rectly held. When the Commissioner made his award
the opinion in the case of *Anderson* v. *Lynch*, 96 Conn.
672, 115 Atl. 474, had not been handed down; the basis
of his award was his conclusion that a commutation
would be just and necessary, and therefore, under
§ 5367, might be made, while in that case we distinctly
repudiate such a construction. In every compensation
action the period of incapacity for which commutation is
substituted must be clearly found by the Commissioner,
and in no case should he adjudge a commutation be-
yond the fixed period of incapacity found, nor unless
he is fully satisfied that a commutation is "just or nec-
essary."

There is no error.

In this opinion the other judges concurred.