TONY KNAPIK *vs.* WATERBURY IRON WORKS ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 24th, 1928—decided January 24th, 1929.

*DeLancey S. Pelgrift,* for the appellants (defendants).

*Joseph A. Bergin,* for the appellee (plaintiff).

HAINES, J. The essential facts established in this case are that the plaintiff, on December 10th, 1924, sustained an injury arising out of and in the course of his employment, described as a recurrent hernia with complications and a back injury in the sacro-iliac region. He was operated on in the Waterbury Hospital and discharged February 25th, 1925. In a further hearing before the commissioner on April 17th, 1925, it was found that the plaintiff was in a serious condition and required the services of an orthopedic specialist. The commissioner placed him under such treatment and he was in another hospital till May 8th, 1925. A further hearing was held by the commissioner on July 24th, 1925, at which time it was found that the claimant was suffering from a temporary total incapacity. Under a written agreement between claimant and respondents, the former received the compensation provided under such circumstances, un-

til another hearing May 8th, 1928. At this time the commissioner found, among other things, the following: "(4) It was definitely established by the medical evidence that there was no reasonable probability that this claimant would ever be able to engage in productive labor, that he had no wage earning capacity and would not have any wage earning capacity, and that his condition was due to the injury set forth and described in the award of July 24th, 1925. This I find as a fact."

The written agreement referred to provided for the payment to the claimant of $17.49 per week for total incapacity "continuing during the period of such incapacity, but not for longer than the period provided by law," or five hundred and twenty weeks. General Statutes, §5351. For reasons stated in the final finding and award, the commissioner decided it was "just and necessary" to commute the compensation into a single lump sum presently payable, and that sum was computed as $5,270.38.

The single question presented by the present appeal is whether the commissioner had legal authority to commute the compensation payments in this case into a single sum.

If such authority exists, it is by virtue of our statute, §5367, the controlling portion of which reads as follows: "When he finds it just or necessary, the commissioner may approve or direct the commutation, in whole or in part, of weekly compensation under the provisions of this chapter into monthly or quarterly payments, or into a single lump sum, which may be paid to the one entitled to the compensation, and such commutation shall be binding upon all persons who may be entitled to compensation for the injury in question. In any such case of commutation, a true

equivalence of value shall be maintained with due discount of sums payable in the future."

We had occasion to consider this statute in *Anderson v. Lynch*, 96 Conn. 672, 115 Atl. 474, and there held that the statute did not give authority "to award by way of compensation such a lump sum as the commissioner may deem just, but to 'approve or direct the commutation, in whole or in part, of weekly compensations under the provisions of this chapter into monthly or quarterly payments, or into a single lump sum.'" The statutory authority to commute the weekly compensations provided for in the Act into monthly or quarterly payments, or into a single lump sum, carries its own limitations on its face. This construction does not permit commutation of the award into a lump sum to be made at the sole discretion of the commissioner, but that discretion must be exercised within certain fixed limits.

Since the statute requires that a true equivalence of value shall be maintained, it is obviously necessary, before the weekly compensations can be commuted into a lump sum, that it conclusively appear that the weekly compensations will run for a definite number of weeks. The present worth of an award for such a definite number of weeks can be calculated with mathematical accuracy, so that a lump sum can be arrived at in compliance with the statute.

Awards for a definite number of weeks are fixed under General Statutes, §5352 (a) to (k), for certain partial incapacities. Under General Statutes, §5351 (a) to (f), certain total incapacities are necessarily and in their very nature, as well as by the specific words of the statute, permanent, and so the compensation must be continued for the full maximum period of five hundred and twenty weeks provided by the statute. In all these cases, then, there is, by the provisions of

the statute itself, a fixed and definite period of compensation which furnishes a basis for accurate calculation of the present worth of the weekly compensations, so that a lump sum can be awarded without increasing or decreasing the amount of compensation provided by the statute for that particular injury.

In the present case the incapacity is caused by an injury to the claimant's back with recurrent hernia, and for such an injury no specific number of weekly compensations is fixed by the statutory provisions we have enumerated. The commissioner has found, however, as a fact, that the incapacity will be permanent. Although the finding it not as specific as could be desired, yet there can be no fair question as to its purport. It means that the fact is established by competent medical evidence that the claimant will never be able to engage in productive labor and will never have any wage earning capacity again. This is equivalent to saying that he has suffered a permanent total incapacity, and the period of compensation must necessarily be the statutory maximum period of five hundred and twenty weeks.

If the period, for which the weekly compensation is to be continued, is a fixed period of time, as it is in the cases specifically enumerated in §5352, and in cases of permanent disability, the award can be commuted into a lump sum without changing its value to the plaintiff or its cost to the defendant. *Anderson* v. *Lynch*, 96 Conn. 672, 674, 675, 115 Atl. 474.

The ruling in *Anderson* v. *Lynch*, *supra*, was reaffirmed in *Gahan* v. *Payne Co.*, 98 Conn. 233, 236, 118 Atl. 922, and we held: "Where the commissioner may reasonably find that the incapacity, partial or total, will continue for a definite time, he is authorized under this statute, if he finds it just or necessary, to commute the weekly compensation covering this fixed

period. Where he cannot reasonably find that the incapacity will continue for a definite or fixed period, he has no power to commute, even though he may find it just or necessary so to do."

The rulings in the *Anderson* and *Gahan* cases are conclusive upon the present appeal, and the legal authority of the commissioner to commute the weekly compensation in this case into a single lump sum, is undoubted.

Since this is the only question which the present appeal submits to us, we do not discuss or decide a further question, which is suggested by the conditions which the commissioner attached to this award, viz: whether a commuted lump sum for incapacity to work, vests at once and can be turned over to the claimant forthwith, or whether it only matures from week to week during the continuance of the incapacity so that it should be retained in the control of the commissioner by a trust or otherwise, to enable him to make an adjustment between the parties in the event of the death of the claimant during the period of compensation.

There is no error.

In this opinion the other judges concurred.