(No. 23988.—

The Illinois Zinc Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Emma Johnson, Defendant in Error.)

*Opinion filed June 11, 1937.*

HETH & LISTER, and WILLIAM M. SCANLAN, for plaintiff in error.

JOHN J. SHERLOCK, and C. B. CHAPMAN, for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

On November 6, 1931, Emil Johnson was accidentally killed while employed by the Illinois Zinc Company and an award was made by an arbitrator in the sum of $4000 for the use and benefit of Emma Johnson, his surviving widow. This award was payable at the rate of $10.58 per week over a period of seven years and fifteen weeks, as provided in section 7 of the Workmen's Compensation act, and was for the sole benefit of Emma Johnson, as there was no dependent minor child who survived the deceased. This award was made upon an uncontested petition before an arbitrator which was not appealed to the commission and automatically became final. One month after the award was made the widow petitioned for a lump sum settlement, which was opposed by the Illinois Zinc Company, but, nevertheless, was allowed by the Industrial Commission and circuit court in the sum of $1007.74, as a commutation of the payments for the last 113 weeks. That order of the circuit court was reversed by this court February 23, 1934. (*Illinois Zinc Co.* v. *Industrial Com.* 355 Ill. 253.) Less than a month after our decision in the above mentioned case, a second petition for a partial lump sum settlement was filed with the commission and again opposed by the Illinois Zinc Company. The only substantial difference in

the record made on the first petition and the one now before us was to the effect that Mrs. Johnson owed the attorneys the sum of $500 for claimed services. The commission and the circuit court again ordered a partial commutation in the sum of $1005.57 for the last 102 weeks of compensation. The present writ of error has been awarded to review that judgment.

The rights of the parties are governed by the law in effect at the time of the employee's injury and not at the time when the award is made. (*Playhouse Theater* v. *Industrial Com.* 346 Ill. 509.) At that time it was provided by section 21 of the act that any right to receive compensation under circumstances such as are now before us should be extinguished by the death of the person entitled thereto and it was also provided by paragraph *a* of section 7 that the right of a widow to compensation should be extinguished by her re-marriage, if the deceased did not leave any child or children whom he was under legal obligation to support at the time of the injury. Section 11 has always provided that the compensation provided for in the act shall be the full measure of the responsibility of the employer.

The petition was filed under section 9 of the act, which, so far as material here, provides as follows: "Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the commission, asking that such compensation be so paid, and if, upon proper notice to the interested parties and a proper showing made before such commission * * * it appears to the best interest of the parties that such compensation be so paid, the commission may order the commutation of the compensation to an equivalent lump sum," etc. It will be noticed that this section refers to the compensation "or any unpaid part thereof," and also that it requires a showing that a commutation will be to the best interest of "the parties," using the plural form and not the singular.

All portions of the Workmen's Compensation act must be construed as a whole, and not in parts or sections, and in order to determine the intention of the legislature the words, sentences and sections must be taken and read together. (*Uphoff* v. *Industrial Board,* 271 Ill. 312; *People* v. *Nixon,* 353 id. 556.) When two construuctions of a statute are possible, one of which would render it invalid and the other sustain it, that construction will be adopted which validates the act. *Baker* v. *Baker,* 258 Ill. 418; *People* v. *Clampitt,* 362 id. 534.

The award in this case was not for a definite sum of money payable at all events over a definite period of years and months but was contingent in its nature. It was, in legal effect, an award that if the widow should live so long and should remain unmarried she should have and receive the specified payments at the specified intervals, not exceeding, in all, the sum of $4000. This measured the extent of the employer's liability to pay and it cannot be said that when this petition was filed under section 9 of the Workmen's Compensation act, there was any certain sum which could be described as "such compensation or any unpaid part thereof." Neither can it be said that this kind of an order is to the best interest of the *parties.* It might or might not be to the best interest of the surviving widow, but it clearly could not be in the interest of the objecting employer, and the section is only applicable where it is shown or admitted to be to the best interest of both parties.

It is our opinion that section 9 is not applicable to an award such as this, which is uncertain and contingent in its duration and amount. To hold otherwise would be to deprive the employer of due process of law and the equal protection of the law and would render the entire section unconstitutional. A commutation of the last 102 weeks of compensation in this case would be as absurd, from a legal standpoint, as if the Governor should attempt to commute the last one-half or one-third of a life sentence.

The judgment of the circuit court will be reversed.

*Judgment reversed.*