(No. 2935—

Anna Tull, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 21, 1939.*

R. I. Dove, Attorney for claimant.

Otto Kerner, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Above case again comes before the court pursuant to a petition for lump sum settlement in accordance with the provisions of Section Nine (9) of the Workmen's Compensation Act.

On October 14th, 1936 award was entered in favor of the claimant for the sum of Thirty-three Hundred Ninety-eight Dollars and Sixty Cents ($3,398.60) payable in Four Hundred Fifteen (415) weekly installments of Eight Dollars and Seventeen Cents ($8.17) commencing May 17th, A. D. 1936, and one

final payment of Eight Dollars and Five Cents ($8.05). *Tull* vs. *State,* 9 C. C. R. 308.

Claimant now asks for a lump sum payment of One Thousand Dollars ($1,000.00), in order that she may pay the balance due on her home, the balance due on the funeral expenses of her husband, and a number of small outstanding accounts.

Mr. M. K. Lingle, engineer of claims of the respondent, has filed herein a report, from which it appears that it is to the best interest of the petitioner that the prayer of the petition be granted.

The question as to whether the provisions of the Workmen's Compensation Act relative to lump sum payments apply to cases in which the facts are similar to the facts in the present case, was considered by our Supreme Court in the case of *Illinois Zinc Co.* vs. *Ind. Com.,* 366 Ill. 480. In that case, as in this, the deceased employee left him surviving his widow and no child or children whom he was under legal obligation to support at the time of his injury. The Supreme Court in that case pointed out that the provisions of Section Nine (9) of the Workmen's Compensation Act have reference to a commutation of the "compensation, or any unpaid part thereof," and authorize the payment of a lump sum only when it is for the "best interests of the parties;" that under the provisions of Section 7a and Section 21 of the Workmen's Compensation Act, the right to receive compensation would be extinguished by the remarriage or death of the widow; that although it might be for the best interests of the widow, it certainly could not be for the best interests of the employer to allow a lump sum; and in that connection the court said:

"The award in this case was not for a definite sum of money payable at all events over a definite period of years and months but was contingent in its nature. It was, in legal effect, an award that if the widow should live so long and should remain unmarried she should have and receive the specified payments at the specified intervals, not exceeding, in all, the sum of $4,000 00. This measured the extent of the employer's liability to pay and it cannot be said that when this petition was filed under Section 9 of the Workmen's Compensation Act, there was any certain sum which could be described as 'such compensation or any unpaid part thereof.' Neither can it be said that this kind of an order is to the best interest of the parties. It might or might not be to the best interest of the surviving widow, but it clearly could not be in the interest of the objecting employer, and the section is only applicable where it is shown or admitted to be to the best interest of both parties.

"It is our opinion that Section 9 is not applicable to an award such as this, which is uncertain and contingent in its duration and amount. To hold otherwise would be to deprive the employer of due process of law and the equal protection of the law and would render the entire section unconstitutional. A commutation of the last 102 weeks of compensation in this case would be as absurd from a legal standpoint, as if the Governor should attempt to commute the last one-half or one-third of a life sentence."

Under the law as laid down by our Supreme Court in the Illinois Zinc Company case, we have no authority to order a lump sum payment under the facts in this case, and claimant's petition therefore must be denied.