Florence Carnahan Duncan, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 11, 1941.*

Claimant, pro se.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On the 8th day of November, A. D. 1940, Joseph Duncan was in the employ of the Bureau of Maintenance, Division of Highways of the respondent, and was working at a gravel pit located near S. B. I. Route No. 1, about a half mile northwest of Oliver, Illinois. On that day, while working at the pit, he was caught in a slide of the gravel bank and completely covered thereby. By the time the gravel was removed from the body, said employee was dead.

From a consideration of the facts in the record, we find as follows:

1. That on the 8th day of November, A. D. 1940 the said Joseph Duncan and the respondent were operating under the provisions of the Workmen's Compensation Act; that on said date Joseph Duncan sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent, and claim for compensation on account thereof was made within the time required by the provisions of said Act.

2. That the said Joseph Duncan was in the employ of the respondent for less than one year prior to November 8, 1940, was working eight (8) hours a day, and was paid fifty

cents (50c) per hour; that in the employment in which he was engaged, it was the custom to operate for a part of the whole number of working days in each year; that Duncan's annual earnings, computed in accordance with the provisions of Section 10 of the Workmen's Compensation Act were Eight Hundred Dollars ($800.00) and his average weekly wage was Fifteen Dollars and Thirty-eight Cents ($15.38).

3. That said Joseph Duncan left him surviving the claimant, Florence Carnahan Duncan, his widow, and no child or children under the age of sixteen (16) years.

4. That under the provisions of Section 7 of the Workmen's Compensation Act, the amount of compensation to be paid by the respondent on account of the death of said Joseph Duncan is Thirty-two Hundred Dollars ($3,200.00); that under the provisions of Sections 7 and 8 of such Act, such compensation is payable in weekly installments of Eight Dollars and Forty-six Cents ($8.46) commencing November 9, 1940.

5. That compensation in the amount of One Hundred Nine Dollars and Ninety-eight Cents ($109.98) has accrued from November 9, 1940 to February 8, 1941.

Award is therefore hereby entered in favor of the claimant, Florence Carnahan Duncan, for the sum of Thirty-two Hundred Dollars ($3,200.00), payable as follows:

a) The sum of One Hundred Nine Dollars and Ninety-eight Cents ($109.98), being the amount of compensation which has accrued from November 9, 1940 to February 8, 1941, shall be paid forthwith.

b) The balance of such compensation, to wit, the sum of Three Thousand Ninety Dollars and Two Cents ($3,090.02), shall be paid in Three Hundred Sixty-five (365) consecutive weekly payments of Eight Dollars and Forty-six Cents ($8.46) commencing February 15, 1941, and one final payment of Two Dollars and Twelve Cents ($2.12).

Claimant has asked that this award, or a portion thereof, be paid in a lump sum, in order that she may make payment of her husband's funeral expenses and a mortgage on the homestead. However, our Supreme Court has held that in cases where there is a surviving widow and no child or children, there is no authority under the Workmen's Compensation Act for the commutation of the award to an equivalent lump sum.

*Illinois Zinc Co.* vs. *Ind. Com.*, 366 Ill. 480.

The rule there announced was followed by this Court in the case of *Anna Tull* vs. *State*, 10 C. C. R. 713.

The petition for the payment of the award in a lump sum must therefore be denied.

The award herein made being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.