(No. 27543.—

WALTER INGSTRUP & Co., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RIO RUF, Defendant in Error.)

*Opinion filed January 18, 1944.*

KLOHR & MERRICK, of Chicago, for plaintiff in error.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Rio Ruf was an employee of Walter Ingstrup & Co., and on May 22, 1941, sustained accidental injuries which arose out of and in the course of his employment. On August 3, 1942, the Industrial Commission entered an order confirming the decision of the arbitrator. It contained a finding that Ruf was wholly and permanently incapacitated and awarded him compensation of $17.60

per week for a period of 272 weeks and one week at $12.80, and thereafter an annual pension of $384, payable in monthly installments of $32 each. The finding and the award were under section 8(f). (Ill. Rev. Stat. 1943, chap. 48, par. 145.) The company did not seek a review and, a few days after the order was entered, Ruf filed a petition with the commission asking for a partial lump-sump settlement of the award. It was alleged that he was permanently and totally disabled, that he had borrowed $1650 to maintain his family from May, 1941, to August, 1942, while his application was pending, that he owed in addition thereto medical expenses and attorney's fees incurred in connection with the trial, and that he believed it to be to the best interests of the parties that compensation now due and to become due be paid in a lump sum. A schedule of the items he had expended was attached to the petition. The company resisted the granting of the petition. A hearing was had, the prayer of the petition was granted and the commission entered an order finding that the sum of $1500 should be allowed petitioner as a partial lump-sum settlement. It was further ordered that a sum be commuted from the terminal end of the award sufficient in amount to make a total of $1500. The other payments were to continue as directed in the original award. On a *certiorari* hearing, the superior court of Cook county confirmed the order for a partial lump-sum settlement. A petition for a writ of error was allowed and the cause is here for a further review.

Defendant in error has not filed a brief in this court. The facts are not in dispute. An award allowed under subparagraph (f) of section 8 of the Workmen's Compensation Act for total permanent disability is allowed subject to the contingencies expressed in the proviso to said subparagraph. They are that if any employee who has received such award afterwards returns to work or is able to do so and who earns, or is able to earn, as much as

before the injury, the payments shall cease, or if the total permanent disability has been only partially removed then the order for payments shall be modified accordingly. An allowance of an award under section 8(f) is also subject to the right of the employer under section 19(h) (par. 156) to have the award reviewed any time within eighteen months after its allowance if there should be any change in the employee's condition. It is also subject to the provisions of section 21 of the act, which provides for the contingency of the death of the employee.

It is obvious that the amounts awarded in the first instance were not payable in any event, but were subject to the contingencies of the several statutes. The employer had certain definite rights if any one or more of those contingencies should happen. Under such circumstances it could not be said that the granting of a partial lump-sum settlement could be for the best interests of both parties. *Illinois Zinc Co.* v. *Industrial Com.* 366 Ill. 480.

The order for a partial lump-sum settlement directed that the amount of $1500 be commuted from the terminal end of the payments. A similar provision allowing a lump-sum settlement was before the court in *Illinois Zinc Co.* v. *Industrial Com.* 366 Ill. 480, and *Swift & Co.* v. *Industrial Com.* 381 Ill. 77, and held to be error. Those cases are controlling here. Under the views expressed, it will not be necessary to discuss the propriety of basing any petition for a lump-sum settlement upon facts such as shown by this record. The order of settlement cannot be sustained.

The judgment of the superior court is reversed and the order of the Industrial Commission allowing a partial lump-sum settlement is set aside.

*Judgment of superior court reversed;*
*order of Industrial Commission set aside.*