(No. 3905— )

THELMA M. EDWARDS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1946.*

MARK C. KELLER, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Thelma Edwards is the widow of Elmer J Edwards, deceased, who was formerly employed by the Department of Public Welfare as an attendant at the Dixon State Hospital. On November 28, 1944, while performing his duties as such attendant, on the night shift at Cottage A-3, he was attacked, choked, and strangled to death by one Michael Peluso, a post-encephalitis patient committed to the hospital by the Juvenile Court of Cook County, Illinois. Claimant, as widow of the deceased employer, seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

At the time of the accident which resulted in the death of Elmer J. Edwards, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's employment.

Decedent had been employed by the respondent continuously for more than one year prior to his death, at a salary of $1,440 per annum. Under Section 10 (a) of the Workmen's Compensation Act, compensation must be computed on the basis of this annual wage, making decedent's average weekly wage $27.70 and his compensation rate $13.85 per week. The death having occurred subsequent to July 1st, 1943, this must be increased 17½%, making the compensation rate $16.27 per week. The decedent had no children under sixteen years

of age dependent upon him for support at the time of his death.

Claimant is therefore entitled to an award under Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00, which must be increased 17½% under Section 7 (1), making a total award of $4700.00.

Claimant has also filed a verified petition seeking a partial lump sum payment. She states that Elmer J. Edwards left no real or personal estate of any kind or description; that she has incurred, and is personally liable for the payment of Coroner's fees, arising out of a Coroner's inquest on the body of Elmer J. Edwards, in the amount of $17.50, for the payment of funeral expenses in the amount of $491.30, for the purchase of a burial lot in the amount of $45.70, and for the payment of costs of administration in the estate of Elmer J. Edwards in the amount of approximately $150.00, or a total of $704.50. Claimant states that she owns no real or personal property; that she has no income from any source whatever except wages of $100.00 per month; and that she is the sole support of a thirteen year old son by a former marriage. She requests a lump sum payment of $1800.00, leaving the balance of the award to be paid in regular weekly payments.

The award in this case is not for a definite sum of money payable at all events over a definite period of years and months, but is contingent in its nature. It is, in legal effect, an award that if the claimant should live so long, and should remain unmarried she should have and receive the specified payments at the specified intervals, not exceeding, in all, the sum of $4700.00. Where there is a surviving widow and no child or children, there is no authority under the Workmen's Compensation Act for the commutation of the award, or any there-

of, to an equivalent lump sum. *Illinois Zinc Co.* vs. *Ind. Com.*, 366 Ill. 480; *Duncan* vs. *State*, 11 C. C. R. 392. The petition seeking a partial lump sum payment must be denied.

Award is therefore made in favor of the Claimant, Thelma M. Edwards, in the amount of $4700.00, to be paid to her as follows:

$ 943.66, accrued, is payable forthwith;

 3756.34, is payable in weekly installments of $16.27 per week, beginning January 8th, 1946, for a period of 230 weeks, with an addition final payment of $14.24.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."