15937

ASHLEY v. WARE SHOALS MFG. CO. *ET AL.*

(42 S. E. (2d) 390)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants, cite:

*Mr. W. K. Charles,* of Greenwood, for Respondent, cites:

April 16, 1947.

OXNER, AJ.: On September 7, 1943, claimant-respondent sustained an injury by accident which arose out of and in the course of his employment. Compensation for total disability at the rate of $17.65 per week was paid from the date of the injury to December 11, 1944, at which time a controversy arose as to the continuance and extent of claimant's disability. Several hearings were had which culminated in an award by the hearing Commissioner on April 5, 1946, directing that "compensation at the compensable rate of $17.65 per week be paid to Willie Wesley Ashley from September 7, 1943, and thereafter as provided by Section 7035-32 of the South Carolina Workmen's Compensation Law, the Carrier taking credit for any and all compensation paid." This award was affirmed by a majority of the full Commission on June 25, 1946. The insurance carrier thereupon resumed payment of compensation and has since continued to pay same.

While compensation was being paid under the terms of the foregoing award, claimant, on July 25, 1946, filed an application asking that future installments be commuted and paid to him in a lump sum. On August 3, 1946, without notice to the employer or carrier, this application was approved by three members of the Industrial Commission. On August 5, 1946, the Commission, through its claims examiner, wrote a letter to the carrier, stating that application for a lump sum settlement had been made by claimant

and notifying the carrier that unless objections were filed within fourteen days, lump sum settlement would be ordered. Written objections were filed by the carrier and employer on August 15th. A hearing on the application for a lump sum settlement was held on September 9, 1946. No testimony was offered by any of the parties. The Commission heard oral arguments and thereafter on September 13, 1946, an award was filed in which it was stated "that the lump sum payment approved by three Commissioners on August 3, 1946, is hereby approved by the majority (of the) Commission." The employer and carrier appealed to the Circuit Court. That Court overruled all exceptions and affirmed the order of the Commission directing a lump sum settlement. This appeal is by the carrier and employer from the order of the Circuit Court.

The first question for determination is whether the Industrial Commission is empowered to commute future installments payable under an award for total disability.

The only authority given to the Industrial Commission to accelerate or commute weekly payments is contained in Section 7035-47 of the 1942 Code. This section as originally enacted (Section 44 of Act No. 610 of the Acts of 1935, 39 St. at L., page 1231) was as follows:

"Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, in *unusual* cases, where the *parties agree* and the Industrial Commission deems it to be to the best interests of the employee or his dependents, or where it will prevent undue hardships on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission, but in no case to be less than ninety (90%) per cent of, nor to exceed the commutable value of the future installments commuted *at* six (6%) per cent *per annum which may be due under this Act*. The Commission, however, in its discretion,

may at any time in the case of a minor who has received permanently disabling injuries, either partial or total, provide that he be compensated, in whole or in part, by the payment of a lump sum, the amount of which shall be fixed by the Commission but in no case to be less than ninety (90%) per cent of, nor to exceed the commutable value of the future installments which may be due under this Act." (Italics ours.)

In 1937, the above-quoted section was amended so as to read as follows (40 St. at L. 613, 620):

"Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, in *the usual* cases, where the *employee applies and requests,* and the Industrial Commission deems it to be to the best interests of the employee or his dependents, or where it will prevent undue hardships on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents, be redeemed in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission, but in no case to be less than ninety (90%) per cent of, nor to exceed the commutable value of the future installments commuted *so as not to exceed* six (6%) per cent *nor to be less than two (2%) per cent.* The Commission, however, in its discretion, may at any time in the case of a minor who has received permanently disabling injuries, either partial or total, provide that he be compensated, in whole or in part, by the payment of a lump sum, the amount of which shall be fixed by the Commission but in no case to be less than ninety (90) per cent of, nor to exceed the commutable value of the future installments which may be due under this Act." (Italics ours.)

It will be observed that the changes made consisted in striking out the words which we have italicized in quoting the original section and inserting in lieu thereof those italicized in quoting the amendment. This section, in the form

in which it was amended, is now incorporated in the 1942 Code as Section 7035-47.

Before entering into a discussion of the power of the Industrial Commission to order weekly installments for total disability paid in a lump sum, it is necessary to determine the effect of the 1937 amendment to Section 44 of the original act. Appellants contend that the use of the word "usual" in the amending act of 1937 and in the 1942 Code is a clerical error and should be read "unusual" to give effect to the obvious legislative intent. Such a contention necessitates a brief review of the purpose and general plan of this legislation as disclosed by other portions of the act.

Section 7035-21 is in part as follows: "Compensation under this article shall be paid periodically, promptly, and directly to the person entitled thereto, unless otherwise specifically provided." Following this section, provision is made for the payment of compensation in weekly installments to any employee who becomes totally or partially disabled as the result of an accident and for the payment of weekly compensation to his dependents in the event of his death from such accident. A careful examination of this statute reveals a primary purpose and general scheme to pay compensation at intervals corresponding to the time the employee would have received his wages had he not been injured. Undoubtedly it was intended that periodical payments should be the rule and lump sum settlements the exception. The principle involved in the compensation acts is that the benefits received are a substitute for the wages of the injured employee, and with this theory in mind almost all of the legislative bodies of the various States have provided for the payment of compensation in regular installments. The purpose of this method is to prevent an imprudent employee or dependent from wasting the means for his support and thereby becoming a burden upon society.

It was manifestly not the intention of the Legislature in amending this section to authorize the redemption of the

liability for weekly compensation in the "usual cases" and thereby destroy the general scheme of the statute establishing periodical payments. Moreover, the context of this section does not admit of the use of the word "usual". Similar sections in the workmen's compensation acts of North Carolina, Virginia and numerous other States only permit commutation in "unusual cases". Our attention has not been called to any act where the word "usual" was used in this connection. We think it is clear that the only purpose of the 1937 amendment was to substitute the words "where the employee applies and requests" for the words "where the parties agree" as contained in the original section, and to change the rate of discount to be used in arriving at the commuted value of future payments; and that no other changes in the original section were contemplated.

"Courts are not always confined to the literal meaning of a statute; the real purpose and intent of the lawmakers will prevail over the literal import of the words. * * * A statute as a whole must receive a practical, reasonable and fair interpretation consonant with the purpose, design and policy of the lawmakers. * * * It is an old and well-established rule that words ought to be subservient to the intent, and not the intent to the words." *Greenville Baseball, Inc., v. Bearden, Sheriff, et al.,* 200 S. C. 363, 20 S. E. (2d) 813. "While it is an elementary rule of construction that words used in a statute should be given their plain and ordinary meaning, this, as all other rules, is subject to the prime object of ascertaining and giving effect to the legislative intention." *State ex rel. Walker v. Sawyer,* 104 S. C. 342, 88 S. E. 894. Numerous cases will be found in which clerical errors have been corrected by the courts pursuant to this principle. As stated by that eminent jurist, Justice Woods, in *Stackhouse v. County Board of Commissioners for Dillon County,* 86 S. C. 419, 68 S. E. 561:

"This rule has been followed in many cases in this and other jurisdictions. In *Waring v. Cheraw, etc., Ry. Co.,*

16 S. C. 412, the word 'hereinafter' was read 'hereinbefore', when the use of the former would have destroyed the manifest purpose of the statute. In *Kitchen v. Southern Ry. Co.*, 68 S. C. 554, 48 S. E. 4, the word 'of', was construed to mean 'or', in order to give full effect to the meaning of Lord Campbell's Act. In *Baldwin v. Travis County* (Texas), 88 S. W. 480, the word 'taxed' was substituted for 'attached', the Court holding that the use of the latter word 'appears to be improper and inapt, in that it does not appear to definitely express or convey the meaning evidently intended by the Legislature'. In *California Loan Co. v. Weis* (Cal.), 50 Pac. 697, it was held that the word 'July', which was evidently intended, should be read instead of 'June', which had been used in the act under consideration. *In re Frey* (Penn.), 18 Atl., 479, the word 'city' was inserted instead of 'county', when the Court was of opinion that 'the section is senseless and absurd as it is written, while the purpose of the legislature is perfectly obvious and certain.' "

We accordingly, construe this section as permitting acceleration or commutation of weekly compensation only "in unusual cases". It was evidently recognized by the Legislature that there might be individual cases where justice would be promoted by a deviation from the principle of periodical payments, and it was desired to authorize the Commission to allow lump sum settlements in exceptional instances. As previously stated, practically all the other workmen's compensation statutes contain provisions of this nature.

However, it is appellants' contention that this section does not apply to awards for total or partial disability because such awards are not for a definite sum of money payable in all events over a definite period of years and months, but are contingent in their nature. They say that this section permits commutation only in those cases where the weekly payments will definitely continue for a specified period. In passing upon this contention, it may be helpful to consider the

various kinds of compensation provided for in this statute. Under the terms of Section 7035-32, where the incapacity for work is total, the injured employee receives a weekly compensation equal to a stipulated percentum of his average weekly wages "during such total disability", but not exceeding a period of five hundred weeks (Respondent's compensation was awarded under this section). It will be observed that such weekly compensation does not continue for a fixed period of time but only "during such total disability". Section 7035-33 provides for compensation for partial disability, the right to which, as in the case of total disability, remains only so long as the disability continues. Under the terms of Section 7035-49, the Industrial Commission is authorized to review any award "on the ground of a change in condition" and "may make an award ending, diminishing, or increasing the compensation previously awarded". Section 7035-34 authorizes compensation for the loss of certain designated members of the body. Awards under this section are for a definite number of weeks. These incapacities are in their very nature permanent and the weekly compensation must be continued for the full period named in this section. This section also authorizes a lump sum award for serious disfigurement. Section 7035-41 provides for certain weekly compensation to the dependants of the employee if he dies as a result of an accident. This compensation to the dependents also continues for a fixed number of weeks.

Appellants correctly state that the liability for the payment of total disability under Section 7035-32 is contingent in nature because (1) the employee may die during the period of such disability from a cause wholly disconnected with the accidental injury sustained, and (2) the disability may terminate or change to the status of partial disability before the expiration of the maximum period allowed by statute for the payment of total disability. It is, therefore, argued that the commutation section does not apply to compensation under Sections 7035-32 and 7035-33

but only to compensation awarded under Sections 7035-34 and .7035-41, where the weekly payments continue for a definite period of time. In other words, appellants contend that in commuting the future installments under the award in the instant case, the Industrial Commission rendered absolute a liability which, under the terms of the statute, is of a contingent nature and might therefore have never actually accrued.

It will be noted that the terms of the section providing for commutation are very broad. Without exception or reservation, it is provided that "whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, in unusual cases  *  *  *  be redeemed in whole or in part.  *  *  *" It would seem from this language that in unusual cases the liability for weekly payments or installments under any kind of an award may be redeemed. But appellants say that the exceptions contended for are necessarily implied from the very meaning and object of commutation. The only cases cited in support of appellants' construction are those from Illinois and Connecticut.

Under the Illinois statute, commutation of compensation to an equivalent lump sum is only authorized where "it appears to the best interests of the parties that such compensation be so paid". The Supreme Court of that State, in *Illinois Zinc Co. v. Industrial Commission et al.,* 366 Ill. 480, 9 N. E. (2d) 212, construed this section as being "only applicable where it is shown or admitted to be to the best interests of both parties". In *Walter Ingstrup & Co. v. Industrial Commission,* 385 Ill. 341, 52 N. E. (2d) 715, it was held that weekly installments under an award for total disability could not be commuted because the granting of a lump sum settlement would not be to the best interest of the employer in view of the contingent nature of the employer's liability. It may be of interest to state that the South Dakota Workmen's Compensation Act has a section providing for a lump sum settlement which contains the same provision as

that quoted from the Illinois statute. In *Wulff v. Swanson et al.,* .... S. D. ...., 12 N. W. (2d) 553, a case involving the question of the commutation of an award uncertain and contingent as to duration, the Supreme Court of South Dakota reviewed and followed the Illinois decisions. However, the opinion was not unanimous. One member of the Court thought commutation should be allowed notwithstanding the requirement of the statute that it must be for the best interests of both parties. These decisions from Illinois and South Dakota are of little value in determining the question before us because of the marked differences in the requirements for a lump sum settlement. We do not construe our statute as requiring that such a settlement be to the best interests of both parties.

The Connecticut statute authorizes commutation of weekly compensation when the Commissioner "finds it just or necessary". It is further provided under this statute that "in any such case of commutation, a true equivalence of value shall be maintained, with due discount of sums payable in the future". The construction given this statute by the Court in *Anderson v. Lynch,* 96 Conn. 673, 115 A. 474, tends to sustain the position of appellants in the instant case. However, the statute was again before the Connecticut Court in *Gahan v. F. S. Payne Co.,* 98 Conn. 233, 118 A. 922, and it was there held: "Where the Commissioner may reasonably find that the incapacity, partial or total, will continue for a definite time, he is authorized under this statute, if he finds it just or necessary, to commute the weekly compensation covering this fixed period". Finally, in *Knapik v. Waterbury Iron Works et al.,* .... Conn. ...., 144 A. 465, the Court allowed commutation under this statute where the incapacity of claimant was caused by an injury to his back with recurrent hernia and it appeared that he would never again be able to engage in productive labor or have any wage earning capacity, although the Connecticut statute fixed no specific number of weeks during which compensation should be paid for such an injury. We think the last

mentioned case supports the conclusion that commutation under our statute may be allowed where from the circumstances it may be reasonably found that total disability will continue for a definite period of time.

We shall not undertake to review further the authorities from other jurisdictions. Some of them afford very little aid because of dissimilarity in phraselogy and terms of the statutes construed. However, the following cases involved the construction of statutes of similar import to ours and tend to sustain the conclusion that commutation of future weekly payments payable under awards of the nature here involved is authorized in proper cases. *McMullen v. Gavette Construction Co. et al.,* 207 Mich. 586, 175 N. W. 120; *Wims v. Hercules Contracting Co. et al.,* 123 S. W. (2d) 225; *Mitchell v. Knutson et al.,* 137 S. W. (2d) 648; *Karoly v. Industrial Commission,* 176 P. 284; *Woodward v. Pittsburgh Engineering & Construction Co. et al.,* 143 A. 21.

While the question is a close one, we do not feel warranted in interpolating into Section 7035-47 an exception which the General Assembly has not seen fit to make. We are constrained to give full effect to this section as it is written and to hold that the Industrial Commission is empowered under the circumstances hereinafter stated to authorize a lump sum settlement of weekly compensation awarded for total disability.

A determination of the circumstances under which the power to commute weekly payments for total disability may be exercised also presents a difficult problem and involves the consideration of numerous factors. It would seem clear that the Industrial Commission is not at liberty to guess at the present value of future payments without regard to the contingencies that may arise. We think this section contemplates that the situation and conditions must be such that the present value of future payments may be arrived at on some basis with an approximate approach to certainty and fairness. The principle underlying this statu-

tory provision is that commutation is the substitution of another form of compensation for the weekly compensation. We do not think it was intended by this section to materially affect the liability of the employer as fixed by the preceding sections of the Act. Commutation must be of a sum known with reasonable certainty. While no set rule can be devised which could be applied indiscriminately to all cases, a few illustrations may be helpful in clarifying the views herein expressed. If the total disability of an employee is such that it is reasonably certain to continue during the maximum period fixed by the Act and his physical condition is such that, according to the usual methods of determining life expectancy, he will live for that length of time, the liability for weekly compensation may be commuted without doing an injustice to the employer or carrier. On the other hand, if the total disability is such that there may be a change of condition or if a serious question is presented regarding the likelihood of the employee's living the length of time required to complete the installment payments, the allowance of a lump sum settlement over the objection of the employer or carrier would constitute an abuse of discretion which the appellate courts are empowered to review.

If the foregoing requirements are met, it does not necessarily follow that the Commission should commute periodical payments into a lump sum payment. It must further appear that there are unusual circumstances which would make a departure from the principle of periodical payments "to the best interests of the employee or his dependents". Here again no inflexible rule can be laid down but there should be something taking the case out of the ordinary rule to justify the Commission in ordering a lump sum settlement. It was the purpose of the statute to provide for particular and exceptional instances.

In concluding this discussion of the general principle to be applied in determining whether an application by the employee for a lump sum settlement should be granted, it may

not be amiss to state that the foregoing views should not be construed as impinging upon the decision of this Court in *Atkins v. Charleston Shipbuilding & Dry Dock Co. et al.,* 206 S. C. 63, 33 S. E. (2d) 46. In that case there was some dispute as to the extent of the carrier's liability and the parties agreed upon a settlement providing for a lump sum payment. It was held that the Commission was empowered to approve such an agreement when fairly entered into between the parties and found to be to the best interest of the employee, and to make such a settlement final and conclusive.

In the light of the foregoing principles, did the Industrial Commission abuse its discretion in granting the application of respondent for a lump sum settlement? The reasons set forth in the application for desiring such a settlement are as follows: "To pay miscellaneous obligations which accrued during my illness and for which compensation has been insufficient to cover, and to pay attorney's fees". No testimony was offered to support these statements. There is nothing to show the character of these obligations. As a general rule the desire to pay debts is not regarded as a sufficient ground to justify commutation of compensation payments. Annotation 69 A. L. R., page 547. Of course, the nature of the obligation and the purpose for which incurred may be such as to create an exception. Under the terms of Section 7035-24, compensation under our Act is "exempt from all claims of creditors and from taxes". The payment of attorneys' fees for services in procuring the award is a proper element to be considered in passing upon a petition for the allowance of a lump sum settlement. *Illinois Zinc Co. v. Industrial Commission et al.,* 355 Ill. 253, 189 N. E. 310. But the record here is barren of the amount of the attorney's fee and the purpose for which incurred. The transcript of record before us does not contain the testimony relating to respondent's injury upon which the award for total disability was made. We are, therefore, unable to determine whether the alleged total disability of respondent is such as to warrant a conclusion by the Commission that his

disability will with reasonable certainty continue during the period for which commutation was made. In the award for lump sum settlement the Industrial Commission gives no reasons for granting respondent's application. The Circuit Judge said in his order: "In my opinion the grounds for the lump sum payment are very meager and would arise in any ordinary case". However, it was his view that the matter was exclusively one for determination by the Commission. But we think he was empowered to review the record and determine whether the action 'of the Commission constituted an abuse of discretion. Although the burden of showing facts sufficient to justify a lump sum settlement was on respondent, he made no effort to comply with any of the requirements that we have laid down as necessary to justify a commutation of an award.

■ There is also raised by the exceptions and discussed in the briefs the question of whether an order for commutation may be made without notice to the carrier and employer. We think it is clear that these parties have definite rights involved in such an application and are entitled to notice of such proceedings and an opportunity to be heard. *Sperduto v. New York City Interborough Railway Co.*, 226 N. Y. 73, 123 N. E. 207; *Derr et al. v. Weaver et al.*, 47 P. (2d) 573.

For the reasons stated, respondent has not established facts sufficient to justify the approval by the Industrial Commission of his application.

The judgment of the lower Court is reversed, the award for a lump sum settlement made by the Industrial Commission is set aside, and the case will be remanded to the Commission without prejudice to the right of respondent to renew his application for a lump sum settlement.

BAKER, CJ., FISHBURNE, STUKES and TAYLOR, JJ., concur.