21540

Marvin **TODD**, Appellant, v. **HOLT & VEREEN CONSTRUCTION COMPANY**, and United States Fidelity & Guaranty Company, Respondents.

(281 S. E. (2d) 215)

*H. T. Abbott,* Conway, *for appellant.*

*McCutcheon & McCutcheon,* Conway, *for respondents.*

August 4, 1981.

GREGORY, Justice:

This appeal is from an order of the circuit court reversing a lump sum award by the South Carolina Industrial Commission. We affirm and remand for further proceedings on another issue.

Appellant Marvin Todd, now deceased, was found by the Commission to have a fifty percent incapacity of the back and was awarded Sixty Three Dollars ($63.00) per week during his disability. Appellant thereafter applied to the Commission for lump sum payment in lieu of the weekly receipts. He died nine days later from causes unrelated to

the proceedings before the Commission. Holding the lump sum to be a vested right to which appellant's estate was entitled, the Commission granted the application. The court below reversed.

It is conceded no notice to respondents Holt & Vereen Construction Company, appellant's employer, and United States Fidelity & Guaranty Company, the carrier, of the application for lump sum payments preceded the award. An order for lump sum payment cannot be made without notice to the employer and carrier, who are entitled to be heard on the issue. *Ashley v. Ware Shoals Manufacturing Company,* 210 S. C. 273, 42 S. E. (2d) 390 (1947). The court below therefore properly held the award of lump sum payment to appellant null and void.

Appellant also raises on appeal the question whether the payments under the original award of weekly payments are a vested right and therefore payable to the estate. That issue was not addressed by the Commission or the court below. The case is accordingly remanded to the Commission for findings of fact on this issue. See *Cooper v. McDevitt & Street Company,* 260 S. C. 463, 196 S. E. (2d) 833 (1973).

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.