**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Herbert Cunningham, Respondent,

v.

Kimura, Inc., Employer, and Tokio Marine Insurance Co., Carrier, Appellants.

Appellate Case No. 2011-190426

———————————

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

———————————

Unpublished Opinion No. 2012-UP-564
Submitted October 1, 2012 – Filed October 24, 2012

———————————

**AFFIRMED**

———————————

Russell Thomas Infinger and Kirsten Elena Small, both of Nexsen Pruet, LLC, of Greenville, for Appellants.

Kathryn Williams, of Greenville, for Respondent.

———————————

**PER CURIAM:** Kimura, Inc., Employer, and Tokio Marine Insurance Co., Carrier, appeal the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) finding Herbert Cunningham (Employee) permanently and totally disabled as a result of a compensable

psychological injury by accident Employee suffered on January 24, 2008. On appeal, Employer argues the Appellate Panel erred in (1) finding Employee was totally and permanently disabled, and (2) awarding benefits in a lump sum. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Appellate Panel erred in finding Employee was totally and permanently disabled as a result of the psychological injury suffered on January 24, 2008: *Bass v. Kenco Grp.*, 366 S.C. 450, 456-57, 622 S.E.2d 577, 580 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers' compensation commission."); *id.* at 457, 622 S.E.2d at 581 ("Pursuant to the APA, this Court's review is limited to deciding whether the [A]ppellate [P]anel's decision is unsupported by substantial evidence or is controlled by some error of law."); *id.* at 458, 622 S.E.2d at 581 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [A]ppellate [P]anel."); *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("[W]hile medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record."); *id.* ("Expert medical testimony is designed to aid the [Appellate Panel] in coming to the correct conclusion; therefore, the [Appellate Panel] determines the weight and credit to be given to the expert testimony.").

2. As to whether the Appellate Panel erred in awarding Employee benefits in a lump sum: S.C. Code Ann. § 42-9-301 (1976) ("Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, when the employee so requests and the [Appellate Panel] deems it not to be contrary to the best interest of the employee or his dependents, . . . be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the [Appellate Panel] . . . . Upon a finding by the [Appellate Panel] that a lump sum payment should be made, the burden of proof as to the abuse of discretion in such finding shall be upon the employer or carrier in any appeal proceedings."); *Ashley v. Ware Shoals Mfg. Co.*, 210 S.C. 273, 288, 42 S.E.2d 390, 396 (1947) ("The payment of attorneys' fees for services in procuring the award is a proper element

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

to be considered in passing upon a petition for the allowance of a lump sum settlement."); *James v. Anne's Inc.*, 390 S.C. 188, 194, 701 S.E.2d 730, 733 (2010) ("Under federal law, when a person is deemed disabled and is entitled to monthly disability payments under the Social Security Act, the disability payments must be reduced when the combined amount of the person's monthly Social Security disability payments and any monthly workers' compensation benefits exceeds eighty percent of the person's pre-disability earnings.").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**